**LOUISIANA RY. & NAV. CO. v. STATE. (No. 927–5020.)**

Commission of Appeals of Texas, Section B. May 30, 1928.

I. Constitutional law ⏘43(I)—Right under clauses of Constitution looking to protection of property rights may be waived or circumstances may give rise to estoppel.

Rights under due process clause and other clauses of Constitution looking to protection of property rights of citizens are not to be ignored or lightly treated, but, being for benefit of citizen exclusively, rights thereunder may be waived, or circumstances attending particular transaction may give rise to an issue of estoppel or satisfaction akin thereto in nature of an implied contract on part of person affected.

2. Appeal and error ⏘167—Judgment for penalty, rendered against one specifically agreeing such judgment, might be rendered will not be reversed.

Where it was agreed by parties at trial that, if plaintiff was entitled to recover judgment for taxes, it was likewise entitled to recover 10 per cent. of said amount as penalty, court will not reverse judgment rendered for penalty.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

---

⏘For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit between the Louisiana Railway & Navigation Company and the State, involving the validity of taxes levied and assessed against the former's property. Judgment for the State was affirmed by the Court of Civil Appeals (298 S. W. 462), and the Louisiana Railway & Navigation Company brings error. Affirmed.

Bruce McMahan, of Greenville, and Touchstone, Wight, Gormley & Price, of Dallas, for plaintiff in error.

J. E. Abernathy, Co. Atty., and W. C. Dowdy, Asst. Co. Atty., both of McKinney, H. Grady Chandler, Asst. Atty. Gen., and W. P. Dumas, of Dallas, for the State.

SPEER, J. This suit involves the validity of taxes levied and assessed against property belonging to plaintiff in error for the redemption of bonds issued for road districts Nos. 4, 8, and 9, Collin county, Tex. The defense relied upon was the invalidity of the assessment because of the alleged unconstitutionality of the proceedings organizing the districts. The Court of Civil Appeals affirmed the judgment of the trial court. 298 S. W. 462.

The writ of error was granted upon the sixth assignment of error, for the purpose of reviewing the judgments assessing a penalty of approximately $150 against plaintiff in error for its refusal to pay the taxes assessed against the property for the year 1925.

[1] We concur in the well-considered opinion of the Court of Civil Appeals by Justice Looney upon all questions discussed, with the possible exception of the recovery of the penalty above referred to. The due process clause, and every other clause looking to the protection of the property rights of the citizens, are not to be ignored or lightly treated, but, being for the benefit of the citizen exclusively, the right under such clauses is one that may be waived, or the circumstances attending the particular transaction may raise an issue of estoppel, or, if not strictly estoppel, a situation akin thereto in the nature of an implied contract upon the part of the person affected. This phase of the case is thoroughly treated in the opinion of the Court of Civil Appeals.

[2] As to the question of whether or not this principle, when applied to the present case, would include the state's right to recover the statutory penalty for the nonpayment of taxes, we need not decide, since it was agreed by the parties at the trial that, if the plaintiff was entitled to recover judgment for taxes, it was likewise entitled to recover 10 per cent. of said amount as penalty. No court would think of reversing the judgment of the trial court for having rendered a judgment against one who had specifically agreed that such judgment might be rendered.

We therefore recommend that the judgments of the trial court and of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.