ROAD DIST. NO. 2, COLORADO COUNTY, TEX., v. GREGORY.

No. 3358.

Court of Civil Appeals of Texas. Beaumont.

Oct. 20, 1938.

W. P. Dumas, of Dallas, Otto P. Moore, of Columbus, and Van H. Howard, Jr., of San Antonio, for appellant.

Andrews, Kelley, Kurth & Campbell, and Frank G. Dyer, all of Houston, for appellee.

COMBS, Justice.

Appellee, T. W. Gregory, Jr., was plaintiff and appellant, Road District No. 2 of Colorado County, Texas, was defendant in the trial court, and the parties will be so designated here. Plaintiff, acting as trustee for several holders of 25 bonds, of $1,000 each, of the defendant road district, filed this suit for interest on the bonds for the six month period, January 1, 1937, to July 1, 1937, as evidenced by interest coupons, aggregating $687.50. The defendant resisted payment on the ground that the bonds had been previously called for redemption, and, hence, that no interest was due on them for the period in question. The case was tried to the court without a jury upon an agreed statement of the facts, and the sole question involved is whether or not the Commissioners' Court of Colorado County had the right to call the bonds for redemption on January 1, 1937, as it attempted to do.

The pertinent facts are: The bonds in question, being Nos. 27 to 48 and 54 to 56, inclusive, were part of an issue of $100,000 worth of bonds authorized by vote of the defendant district on June 10, 1918. The order for said election submitted the issue of providing for the issuance of said bonds, "and maturing thirty years from their date, with the privilege, however, of maturing and paying for one or more of said bonds on any interest paying date after five years from the date of such bonds." On the 10th day of June, 1918, the Commissioners' Court passed its order authorizing the issuance of the bonds, which order contained the following:

"That said bonds shall be numbered from one (1) to two hundred (200), inclusive, shall be of the denomination of five hundred ($500.00) dollars each, shall be dated the 1st day of July, A. D. 1918, shall bear interest at the rate of five and one-half (5½%) per centum per annum (which rate is here now fixed by said court) the interest payable annually as it accrues, and shall mature thirty years from their date with the privilege of maturing and redeeming one or more of said bonds on any interest paying date after five years from the date of such bonds, and both the principal and interest shall be payable at the office of the County Treasurer of Colorado County, Texas."

By subsequent order entered on the 16th day of December, 1918, the former order was amended as follows:

"Whereas, the Court has ascertained that said bonds as issued are not marketable, and it would be to the best interest of said Road District that the order heretofore made be amended; it is therefore ordered by the Court that Paragraph 2 of

said previous order be amended as follows:

"Paragraph 2. That said bonds shall be numbered from 1 to 100, inclusive, shall be of the denomination of One Thousand Dollars each, shall be dated the 1st day of July A. D. 1918, shall bear interest at the rate of Five and one-half (5½%) per centum per annum, which rate is here now fixed by said Court, the interest payable semi-annually, as it accrues on the 1st day of January and the 1st day of July of each year and said bonds shall mature thirty years from their date, the County retaining option of redeeming four of said bonds on July 1, A. D. 1923, and four of said bonds on July 1st, of each year thereafter to and including July 1st, A. D. 1948, both principal and interest on said bonds shall be payable at the office of the County Treasurer of Colorado County, Texas, at Columbus, Texas, or the National City Bank, of New York, N. Y."

The bonds were duly approved by the Attorney General on January 30, 1919, and registered by the State Comptroller on the same date, and the bonds were shortly thereafter sold. Bond No. 27 contained the following paragraph with reference to redemption:

"That said Road District No. 2 of Colorado County, Texas, hereby reserves the right to mature and redeem this bond on the 1st day of July, A. D. 1929, by entering an order upon the minutes of the Commissioners' Court not less than thirty days prior to the interest bearing date on which this bond is to be matured or by notice thereof in writing given to the last known holder or holders thereof by the County Treasurer of said County, at least thirty days before date fixed for redemption, and should this bond not be presented for redemption the same shall cease to bear interest from and after the date so fixed for redemption."

All of the bonds contained an identical provision except as to the date of redemption, which varied so as to provide for the redemption of four bonds each year, as provided in the order of the Commissioners' Court above quoted. The bonds bearing the interest coupons involved in this suit all specified redemption dates prior to January 1, 1937. On October 18, 1926, the Legislature of the State of Texas duly enacted, and the Governor duly signed and approved, a special law by the terms of which the creation of Road District No. 2 of Colorado County, Texas, was validated and all orders adopted by the Commissioners' Court of Colorado County, authorizing the issuance of the bonds, and the bonds themselves, and the coupons thereto attached, were validated. None of the twenty-five bonds involved here was called for redemption upon the date specified in it. Instead the interest coupons continued to be paid by the defendant as they matured, up to and including those maturing January 1, 1937. On November 28, 1936, the Commissioners' Court passed an order designating the interest paying date of January 1, 1937, as the date for redeeming $25,000 of bonds involved in this litigation, and notice was duly served on the holders by the County Treasurer of Colorado County. The bonds were not surrendered for redemption but the interest coupons here involved, covering interest from January 1 to July 1, 1937, were clipped and transmitted to the County Treasurer for payment when due, and payment was refused on the ground that the bonds had been legally called for redemption. It is agreed that the present holders of the bonds purchased them subsequent to the redemption dates specified, and paid therefor a substantial premium, a price in excess of what would have been paid for said bonds had the purchasers believed that the bonds were subject to redemption prior to their maturity date.

The trial court entered judgment in behalf of the plaintiff and against the defendant for the full amount of the interest coupons sued on, and the defendant has appealed.

## Opinion.

Appellant urges two grounds in support of its contention that the Commissioners' Court of Colorado County had the right to call the bonds in question for redemption of January 1, 1937. It is insisted, first, that the order and notice of the bond election at which the bonds were voted provided that the district should have the privilege "of maturing and paying off one or more of said bonds on any interest paying date after five years from the date of such bonds," and the Commissioners' Court had no authority to issue bonds imposing a different and more onerous contract; and, second, that the redemption provision of the bonds by its terms merely specified a date upon which the right of redemption matured or became effective; that such right of redemption was a continuing one which the district had the right

to exercise upon any interest payment date after the effective date so specified in the bonds and which right was not lost by failure of the district to exercise it upon the specified date.

■ We will consider the last contention first. It is our view that the plain language of the option provision of the bonds fixed a definite date upon which the option of redemption might be exercised by the road district, and that when the district failed to exercise it at the time specified the right of redemption was lost. By its plain terms the bond provision in question, as set forth in bond No. 27 and quoted above, reserved to the road district "the right to mature and redeem this bond on the 1st day of July, A. D. 1929, by entering an order upon the minutes of the Commissioners' Court," etc. To adopt the construction for which the appellant contends would be to add to the words specifying a definite date of redemption the proviso "or upon any interest payment date thereafter." Such was not the contract. The date of redemption was definitely stated. It is clear that time was of the essence of the contract. The agreed facts show that the redemption feature of the bonds had a considerable bearing upon their value, which fact was clearly recognized by the Commissioners' Court of Colorado County when it amended its first order issuing the bonds so as to eliminate a more liberal redemption feature and substitute the one here involved in the bonds as finally issued. The present holders, who purchased after the specified date of redemption, paid a substantial premium which they would not have done had they believed the bonds subject to redemption before maturity. Time being the essence of the contract it was necessary that the option of redemption be exercised at the time specified, and since it was not exercised at that time it was waived. 10 Tex.Jur. p. 59;. Goodnight v. Texas Land & Mortgage Co., Tex.Civ.App., 34 S.W. 974.

■ Appellant's further contention to the effect that the redemption proviso in the bonds was invalid in so far as it attempted to provide a less liberal and more onerous right of redemption than was specified in the order and notice for the election must also be overruled. In the first place the Legislature, by the special act above referred to, fully validated the bonds here involved, and the orders by virtue of which they were issued. Louisiana Ry. & Navigation Co. v. State, Tex. Com.App., 7 S.W.2d 71; Id., Tex.Com. App., 17 S.W.2d 457; Anderson County Road Dist. No. 8 v. Pollard, 116 Tex. 547, 296 S.W. 1062. Furthermore, the bonds are negotiable instruments, they were approved by the Attorney General and registered by the State Comptroller, and the present owners are holders in due course. The bonds were prima facie valid, subject only to the defense of forgery or fraud. Vernon's Ann.Civ.Stat., Art. 715; City of Tyler v. Tyler Bldg. & Loan Ass'n, 99 Tex. 6, 86 S.W. 750; Simpson v. City of Nacogdoches, Tex.Civ.App., 152 S.W. 858; Road Dist. No. 4 of Shelby County, Texas v. Home Bank & Trust Co., 5 Cir., 5 F.2d 625.

The judgment of the trial court is affirmed.