**GAVIN et al. v. POTTER COUNTY.**

No. 5673.

Court of Civil Appeals of Texas. Amarillo.

April 23, 1945.

Rehearing Denied May 28, 1945.

Crenshaw, Dupree & Milam, of Lubbock, and W. P. Dumas, John D. McCall, and Millard Parkhurst, all of Dallas, for appellants.

Ray B. Lucas, Stanley Bassett, and L. H. Betts, all of Kansas City, Mo., amici curiae.

Tom Seay, of Amarillo, and J. P. Gibson, of Austin, for appellee.

STOKES, Justice.

On April 10, 1922, the Commissioners' Court of Potter County, pursuant to a bond election theretofore duly held, entered the proper orders and issued and sold Potter County hospital bonds in the aggregate sum of $250,000. Each bond was in the principal sum of $1000, dated April 10, 1922, and provided for interest at the rate of 5½ per cent per annum. They were serial bonds, matured annually from 1923 to 1952, inclusive, and each bond contained the provision that it may be redeemed at any time after five years from its date by paying the principal and accrued interest.

On March 9, 1927, the Commissioners' Court passed an order calling the unmatured original bonds for redemption on April 10, 1927, and authorizing the issuance of Potter County hospital refunding bonds in the aggregate sum of $210,000, "to be issued under and by virtue of the Constitution and laws of the State of Texas, including Article 717 of the Revised Civil Statutes of 1925," and to bear interest at the rate of five per cent per annum. The refunding series was issued in accordance with the order, each being dated April 10, 1927, numbered serially from one to two hundred ten, each in the principal sum of $1000, and matured respectively on April 10, 1928 and annually thereafter, the last of the series maturing April 10, 1967. Neither the refunding bonds nor the order of the

Commissioners' Court contained any provision authorizing the County to call them for payment before maturity. The refunding bonds were approved by the Attorney General and registered by the Comptroller as provided by law, and the appellants, Gertrude Hill Gavin, the United States Benefit Life Insurance Company, the Texas Employers' Insurance Association, and the Ohio National Life Insurance Company thereafter became the owners of various bonds of the series aggregating in par value the sum of $56,000.

On March 6, 1944, the Commissioners' Court of Potter County entered an order and caused notice to be given to the holders of the series of refunding bonds that Potter County had exercised its option granted by Article 720, Revised Civil Statutes of 1925, to redeem all of the outstanding bonds of the series and that it would redeem the same on April 10, 1944, at the City National Bank of New York or the office of the State Treasurer at Austin, at the option of the holders.

On June 22, 1944, appellants instituted this suit, alleging they were the owners of certain bonds of the refunding series; that Potter County had attempted to call the bonds for redemption before their maturity dates and was making preparations either to call the bonds and refund them or cease payment of interest thereon. They denied the right of the appellee to call the bonds prior to the maturity dates provided therein and prayed for a declaratory judgment to the effect that appellee did not have the legal right to redeem the refunding bonds prior to their respective maturities and that the appellee was obligated to pay five per cent interest on them until they matured according to their terms.

In its answer the appellee alleged, among other things, that the refunding bonds of 1927 were issued under authority of Article 725, R.C.S.1925. It alleged that the Article mentioned was the only authority existing at that time for the issuance of refunding bonds of the type here involved and that if they were not issued under authority of that article, then Potter County had no authority to issue such refunding bonds and they were therefore void as a matter of law. In addition to the defensive pleading, appellee included a cross action in which it alleged that the Commissioners' Court had entered its order calling the bonds for redemption and had given the proper notice to the holders of the bonds;

that it had made arrangements by which it was ready, willing, and able to redeem the bonds at par and accrued interest on April 10, 1944, and prayed for a declaratory judgment to the effect that it was authorized by law to redeem the refunding bonds on April 10, 1944; that they had been properly called for redemption on that date; that appellants' rights in the premises were limited to their right to receive the principal and accrued interest to April 10, 1944 in full satisfaction of the bonds held by them and they were obligated to surrender them at the place of payment designated in the bonds. It also prayed that appellants take nothing by their suit.

The case was submitted to the court without the intervention of a jury and judgment in favor of the appellee was entered on December 15, 1944 in accordance with its prayer, to which appellants duly excepted and have perfected their appeal.

The appellants present the case here upon seven assignments or points of error, which are answered by a like number of counterpoints, all of which, in various ways, present the sole question of whether or not the refunding bonds of April 10, 1927, are redeemable as a matter of law five years after the date of their issuance, as were the original bonds.

Appellee's right to redeem the bonds depends upon the question of whether or not there is a statute which authorizes their redemption before maturity, because the refunding bonds here involved contain no provision under which they may be so called and redeemed. Appellee contends that, since the refunding bonds were issued under authority of Article 725, R.C.S.1925, they are subject to the provisions of Article 720, R.C.S.1925, which grants an option of redemption at any time after five years. Article 725 provides: "Where bonds have been legally issued, or may be hereafter issued for any purpose authorized in this chapter, new bonds in lieu thereof bearing the same or a lower rate of interest may be issued, in conformity with existing law, and the commissioners court may issue such bonds to mature serially or otherwise, not to exceed forty years from their date." That article constitutes a part of Chapter 2, Title 22, of our present Revised Civil Statutes, of which Article 720 is also a part. Article 720 provides: "All bonds issued under this chapter shall run not exceeding forty years, and may be redeemable at the pleasure of the county at any time

after five years after the issuance of the bonds, or after any period not exceeding ten years, which may be fixed by the commissioners court."

It will be observed that both of the quoted articles specify "bonds issued under this chapter." Article 718 is also a part of Chapter 2 and specifically lists the bonds to which the entire chapter refers. They are bonds to erect county courthouses or jails, bonds to purchase suitable sites for homes or schools for dependent and delinquent boys and girls, bonds to establish poorhouses and farms, bonds to purchase and construct bridges for public purposes, and bonds to improve and maintain the public roads. Nowhere in the entire chapter are hospital bonds or refunding bonds to fund a series issued for the erection of hospitals mentioned or referred to in any way. It is clear, therefore, that the refunding bonds here involved were not, and could not have been, issued under the provisions of Article 725, and it is likewise clear that the provisions under which certain bonds may be redeemed contained in Article 720, have no application to the bonds involved in this litigation. It would seem that the provisions of the three articles mentioned are so clearly stated that analyses or the citation of authority for their interpretation would not be necessary. However, the identical proposition here presented and contended for by appellee was before our Supreme Court in the recent case of Road District No. 1, Jefferson County, v. Sellers, Attorney General, 180 S.W.2d 138, 141. That was an original application for a writ of mandamus compelling the Attorney General to approve the issuance of certain refunding bonds proposed to be issued for the purpose of taking up and discharging certain road district bonds theretofore issued under a special Act which contained no provision for their redemption at the time the obligors sought to redeem them and the bonds themselves contained no such provision. The Attorney General had refused to approve the issuance of the new bonds on the ground that the outstanding bonds sought to be refunded were owned by third parties and were not redeemable when the suit was filed. The relators contended that Article 720, R.C.S. was applicable to the bonds there involved and, in response to the contention, the Court said:

"Article 720 is by its terms made applicable only to bonds issued under the provisions of 'this chapter,' meaning Chapter 2, Title 22, of the Revised Statutes of 1925. The bonds in question were not issued under that chapter. Since the Legislature saw fit to limit the provisions of Article 720 to bonds issued under that specific chapter we should not extend its provisions to bonds issued under other acts and chapters, unless it is reasonably clear that such was the intention of the Legislature."

Although the bonds involved in that case were refunding road bonds and not refunding hospital bonds as here, there can be no difference between them in so far as Article 720 is concerned. The holding was based upon the proposition that Article 720 did not purport to include the bonds involved in that case and the effect of the holding is to follow the statute and limit the bonds mentioned in Article 720 to those enumerated and specified in Article 718. Refunding hospital bonds, such as those involved here, are as foreign to Article 720 as refunding road bonds issued under the special Act referred to in the Jefferson County case and they must be governed by the same rule.

Appellee contends, however, that by enacting Article 4478, R.C.S.1925, under which the original hospital bonds were issued, the Legislature, in effect, added other purposes to Chapter 2, Title 22, particularly section 4 of Article 4478, which extends authority to issue bonds for the establishment of hospitals, and that section 4 thereby, in effect, became a part of Article 718. It says that the county hospital refunding bonds involved here were therefore issued in accordance with the provisions of that chapter and title. We are unable to agree with appellee in this contention. Article 4478 was originally enacted in 1913. Our statutes were revised and rearranged by the Legislature in 1925, and Article 4478 was placed in Chapter 5 of Title 71. We are not apprized of any evidence or suggestion by the Legislature or any court that the Legislature intended to make Article 4478 a part of the same chapter or subject matter as that now contained in Chapter 2 of Title 22, even in 1913 when the former article was enacted, and it is quite conclusive that by including it in an entirely different chapter twelve years later the Legislature not only had no such intention but that its intention was exactly the opposite, that is, to maintain a complete separation between Article 4478 and Chapter 2 of Title 22.

708

In support of the contentions which we have discussed, appellee suggests that if the refunding bonds here involved were not issued under the provisions of Article 725, they were issued without authority of law and are void. As we have already shown, they could not have been issued under the provisions of Article 725, because that article refers only to such bonds as are enumerated and specified in Article 718, and it does not include either hospital original or refunding bonds. The question of whether the refunding bonds were legally issued or illegally issued and are void is not before us in this case. No issue was made by the pleadings, nor is it contended here by any of the parties that they were not valid, legal, and binding obligations of Potter County. It is stated in the face of the bonds that they were issued under and by virtue of the Constitution and laws of the state, "including Article 717 of the Revised Civil Statutes of 1925." The entire series was approved by the Attorney General and registered in the office of the State Comptroller as provided by Article 715, R.C.S., and they are therefore prima facie valid and binding and cannot be attacked except upon grounds of forgery or fraud. Since they are legal obligations of Potter County and constitute negotiable securities, they are governed by the statutes authorizing their issuance and the recitals contained in them. It is elementary that, without a statute authorizing redemption before maturity, or a contractual provision to that effect written into the bonds themselves, the county or other municipal corporation issuing bonds that are otherwise valid, is bound by their provisions as to maturity and they cannot be redeemed before maturity without the consent of the holders. City of Memphis v. Memphis Savings Bank, 99 Tenn. 104, 42 S.W. 16.

There is no doubt that, even in the absence of a statute authorizing the county to redeem the bonds before maturity, the county could have inserted a valid provision to that effect. Stewart v. Henry County, C.C.Mo., 66 F. 127; Road Dist. No. 2, Colorado County, Texas, v. Gregory, Tex. Civ.App., 120 S.W.2d 859. For reasons, no doubt satisfactory to it, the commissioners' court that issued the bonds in 1927 did not see fit to insert such a provision. In our opinion, the county was therefore not entitled to the judgment entered in its favor by the court below and it will have to be reversed. The record indicates the case was fully developed and we conceive of nothing that could be gained by another trial. Judgment will here be entered, therefore, declaring that appellee does not have the right to call and redeem the bonds or call them for redemption prior to their maturity.