STATE NATIONAL BANK OF EL PASO V. TARRANT COUNTY, TEXAS.

No. A-1040. Decided January 29, 1947.
Rehearing overruled February 26, 1947.
(199 S. W. 2d Series, 152.)

*Dumas & Huguenin, McCall, Parkhurst & Crowe, W. P. Dumas* and *Millard Parkhurst,* all of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that under Article 611 of the Revised Statutes of 1911 (720 of 1925 R. S.) the defendant county had the right to call for and redeem its 1922 funding bonds. Cases cited in the opinion and Payne v. First National Bank of Columbus, Ohio, 291 S. W. 209; W. L.

Slayton & Co. v. Panola County, 283 Fed. 330, 335; City of Dublin v. H. B. Thornton & Co., 60 S. W. (2d) 302.

*Samuels, Brown, Herman & Scott* and *Jesse M. Brown,* all of Fort Worth, for respondent.

Funding bonds do not create a debt but merely change the form of an existing debt with the result that funding bonds are issued for the same purposes as were the original bonds, and therefore the Court of Civil Appeals did not err in holding that Tarrant County had the right to call for and redeem its funding bonds of 1922 at the time it did. City of Tyler v. L. L. Jester & Co., 97 Texas 344; 78 S. W. 1058; Cass County v. Wilbarger County, 60 S. W. 988; 991; Dallas County v. Lockhart, 128 Texas 50, 96 S. W. (2d) 60.

MR. JUSTICE SHARP delivered the opinion of the Court.

The controlling question involved here is whether Article 611, Revised Civil Statutes of 1911, empowers a county to call in and redeem funding bonds issued under Article 657, Revised Civil Statutes of 1911, prior to their respective maturity dates, when the right to redeem before maturity was not reserved either in the bonds themselves or by the orders of the Commis- missioners' Court authorizing their issuance.

The State National Bank of El Paso brought this suit against Tarrant County for a judgment declaring that Tarrant County does not have the right to redeem its 1922 funding bonds prior to their respective maturity dates, and to recover interest ac- cruing from and after April 10, 1944, the date fixed by the County for redemption and discharge of the bonds. The case was tried before the district court without a jury. The judg- ment of the trial court that plaintiff take nothing by its suit was affirmed by the Court of Civil Appeals. 196 S. W. (2d) 456.

The facts are undisputed. At an election held in Tarrant County on December 12, 1911, the property taxpayers of the county voted to authorize the Commissioners' Court to issue road and bridge bonds. Pursuant to that authority, the County issued its road and bridge bonds in amount $1,600,000, bearing 5% interest per annum, dated April 10, 1912, maturing April 10, 1952, with option of redemption at any time after April 10, 1922. These bonds were voted and issued under authority of Articles 605-615, Revised Civil Statutes of 1911.

In 1922 the County Commissioners' Court of Tarrant County issued road and bridge funding bonds in the amount of $1,200,-000, for the purpose of redeeming and cancelling the bonds issued April 10, 1912. The funding bonds bore 4 3/4% interest, were dated November 1, 1922, and by their terms matured serially from April 10, 1923, to April 10, 1952. It is undisputed that these bonds were issued under authority of Article 657, Revised Civil Statutes of 1911. They were issued by order of the County Commissioners' Court, no vote of the taxpayers being required.

In 1944 $360,000.00 of the 1922 bonds remained outstanding. On March 7, 1944, the County Commissioners' Court passed an order calling for the redemption of the outstanding bonds on April 10, 1944, by payment of $210,000.00, which the County had in cash, and by the issuance of $150,000.00 in funding bonds, bearing 1 1/2% interest. The County issued the requisite notices to the bondholders of its intention to call in and pay off the 1922 funding bonds, and did make available the necessary funds with which to redeem all of the outstanding bonds.

Neither the 1922 funding bonds nor the orders of the Commissioners' Court authorizing their issuance reserved the right to redeem them prior to their maturity dates. If, therefore, the County has a right to redeem them at this time, such authority must be given by statute.

The State National Bank of El Paso refused to surrender the twenty-two $1,000.00 bonds held by it, and which it purchased in 1942 for the sum of $27,564.75, contending that Article 657, under which the 1922 funding bonds were issued, does not give the County the right to redeem them prior to their respective maturity dates. On the other hand, the County contends that Article 611, Revised Civil Statutes of 1911, gives it the right and power to redeem the funding bonds "at the pleasure of the County at any time" after ten years. Petitioner replied that Article 611, the redemption statute, can have no application to funding bonds issued under Article 657, for the reason that Article 611 applies only to bonds issued under Chapter 1 of Title 18, whereas Article 657, the funding statute, is a part of Chapter 3 of title 18.

■ The bonds in controversy were issued in 1922, and the law, as it existed at that time, fixed the contract rights of the County and its bondholders. A brief review of the pertinent articles of

the statutes as they existed in 1922 will be helpful, and is as follows:

Chapter 1 of Title 18, Revised Civil Statutes of 1911, contains the general provisions and regulations as to the issuance of bonds by counties, towns, etc. Article 605 lays down the requisite rule to be followed in the issuance of bonds, and provides that before any county can issue bonds they must be authorized by a majority of the qualified voters voting in an election held regarding the issuance of such bonds. Article 606 states the form of the ballot to be used. Article 607 describes how the time and place of the election shall be determined. Article 608 provides: "The preceding articles of this chapter shall not apply to funding bonds issued, or to be issued, for the funding of any valid outstanding bonds of such county * * *."

Articles 610 and 611 of Chapter 1 are important to a decision of this case, and they are copied in full below:

"Art. 610. Courthouse, jail and bridge bonds, authorized.— The county commissioners' court of any county in this state is hereby authorized and empowered to issue the bonds of said county for the following purposes:

"1. For the erection of a county courthouse and jail, or either.

"2. For purchasing or constructing bridges for public purposes, within the county or across a stream that constitutes a boundary line of the county, or for the purpose of improving and maintaining the public roads in the county; provided, that this article shall not be construed as authorizing the commissioners' court to issue bonds for any of the said purposes without submitting the same to a vote of the people of said county as provided in the preceding articles of this chapter; provided, further, that when the commissioners' court deem it advisable to issue bonds for both the purchase or construction of bridges, and the improvement and maintenance of the public roads, both questions may be submitted and voted on as one proposition. (Acts 1893, p. 112. Acts 1903, 1 S. S., p. 9.)"

"Art. 611. To run not exceeding forty years; redeemable when.—All bonds issued under this chapter shall run not exceeding forty years, and shall be redeemable at the pleasure of the county at any time after five years after the issuance of the bonds, or after any period not exceeding ten years, which may be fixed by the commissioners' court. (Acts 1893, p. 112.)."

Chapter 3 of Title 18 of the Revised Civil Statutes of 1911

prescribe how the funding, refunding, and compromise of indebtedness incurred by counties, towns, etc., may be accomplished.

Article 657 reads:

"Art. 657. Old bonds of legal issue may be substituted by new.—Where bonds have been legally issued, or may be hereafter issued, by any county for any of the purposes named in article 610, new bonds bearing the same or a lower rate of interest may be issued in conformity with existing law, in lieu thereof. (Acts 1893, p. 112. Acts 1901, p. 16.)"

Article 663 reads:

"Art. 663. Classification of bond issues.—Separate classes of bonds shall be issued to refund or settle, respectively, each separate issue of outstanding bonds, and to fund or settle, respectively, the indebtedness against each particular fund."

Article 668 reads:

"Art. 668. Terms of bonds, etc.—Said bonds may be made payable at any date deemed expedient by such commissioners' court, or city council, not later than forty years from the date of the execution."

Article 669 reads:

"Art. 669. Redemption of bonds.—Provision may be made for the redemption of said bonds after five years, or after such longer period, as may be deemed expedient."

Petitioner contends that the Legislature by the use of the term "bonds issued under this chapter" in Article 611 limited its redemption provisions to an original issue of bonds which had been authorized by a vote of the taxpayers under Chapter 1 of Title 18, and can have no application to funding bonds issued by order of the Commissioners' Court pursuant to Article 657, an article under Chapter 3 of Title 18.

Respondent maintains that since Article 657 makes specific reference to Article 610, the 1922 funding bonds were issued for the identical purposes named in Article 610; and that, even though Article 657 was placed in a different chapter than the chapter in which Article 610 and 611 were placed, nevertheless Article 657 had refernce only to bonds issued under the provisions of those articles, and is to be considered a part of the

same law as definitely and as certainly as if it had been placed alongside the other two articles of which it was undoubtedly a part.

■ We are construing the applicable statutes as they existed in 1922, when the funding bonds involved in this suit were issued. The original bonds were issued under Chapter 1 of Title 18 of the 1911 statutes, whereas the funding bonds were issued under Chapter 3 of Title 18 of such statutes. In issuing funding bonds in lieu of the original bonds, and bearing a lower interest rate, the County was exercising its statutory right to issue such new bonds. Where bonds are issued under statutes giving a county the right to redeem such bonds within a certain period of time, the bondholders will be bound by such a contract. Dallas County v. Lockhart, 128 Texas 50, 96 S. W. (2d) 60; Cochran County v. Mann, 141 Texas 398, 172 S. W. (2d) 689. The County, in the exercise of its authority, issued new funding bonds, in lieu of the original bonds, to obtain money to pay off such original bonds at a lower rate of interest, and in order to obtain such money issued new bonds under articles contained in Chapter 3 of Title 18, copied above. It is undisputed that the right to redeem such bonds before the maturity dates stated in such bonds was not reserved in the bonds or in the orders of the Commissioners' Court authorizing their issuance. The redemption article, Article 611 of Chapter 1 of Title 18 of the 1911 statutes, provides that "all bonds issued under this chapter shall be redeemable" within a certain period of time. It is quite obvious that that article does not by its own terms apply to bonds issued under any other chapter. Jefferson County v. Sellers, 142 Texas 528, 180 S. W. (2d) 138; Gavin v. Potter County (Civ. App.), 187 S. W. (2d) 705 (writ refused). In the case of Jefferson County v. Sellers, supra, this Court said:

"It is contended that the hereinabove quoted Article 720, which makes certain county bonds redeemable under certain conditions after five years from the date of their issuance, is .applicable to the bonds here under consideration. Article 720 is by its terms made applicable only to bonds issued under the provisions of 'this Chapter,' meaning Chapter 2, Title 22, of Revised Statutes of 1925. The bonds in question were not issued under that chapter. Since the Legislature saw fit to limit the provisions of Article 720 to bonds issued under that specific chapter we should not extend its provisions to bonds issued under other acts and chapters, unless it is reasonably clear that such was the intention of the Legislature."

In 1925, when the statutes were recodified, Article 611, under which the original bonds were issued, and Article 657, under which the funding bonds were issued, were placed in the same chapter, and this Court in the case of Bexar County v. Sellers, 142 Texas 290, 178 S. W. (2d) 505, held that those funding bonds were "bonds issued under this chapter" within the meaning of Article 720 of the 1925 Revised Civil Statutes.

We have concluded that the redemption provisions of Article 611 of the Revised Civil Statutes of 1911 applied only to bonds issued under Chapter 1 of Title 18 of the 1911 Revised Civil Statutes, and cannot be applied to funding bonds issued under Chapter 3 of Title 18 of the 1911 Revised Civil Statutes.

The judgment of the trial court and Court of Civil Appeals are both reversed, and judgment is here rendered for petitioner.

Opinion delivered January 29, 1947.

Rehearing overruled February 26, 1947.