**NORTON et al. v. KLEBERG COUNTY.**

No. 12035.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 1, 1950.

Rehearing Denied March 8, 1950.

Dumas, Huguenin & Boothman, Dallas, for appellants.

J. P. Gibson, Austin, Benjamin A. Glusing, Kingsville, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Richard W. Norton, Jr., and Central Investment Company of Texas, against Kleberg County, Texas, alleging that they were the holders of a total of $12,000.00 matured "Kleberg County Courthouse and Jail Refunding 5% Bonds," dated October 10, 1925, and $7,300.00 of matured interest coupons pertaining to said matured bonds and unmatured bonds of the same series. Plaintiffs sued jointly and severally for judgment on all matured items and sought such further orders of the court as may be appropriate in accomplishing the payment thereof.

Kleberg County contests plaintiffs' claim for interest pertaining to the aforesaid bonds which accrued subsequent to April 20, 1944, on the ground that it had called said bonds for redemption on that date. Judgment was entered in the District Court of Kleberg County in favor of defendant against plaintiff, declaring that defendant is authorized by law to redeem plaintiffs' bonds at its pleasure any time after five years from the date of issuance, by paying the principal amount plus accrued interest to the date fixed for redemption; that appellants' bonds have been legally called for redemption at par and accrued interest on April 20, 1944; and that said bonds ceased to bear interest on that date; that plaintiffs' rights in the premises are limited to the right to receive the par amount of

their bonds and interest thereon to April 20, 1944; and that defendant owes plaintiffs no other duty or obligation under the contract represented by said bonds; that plaintiffs are obliged to surrender said bonds with coupons maturing October 10, 1944, and all subsequent coupons attached thereto at the place of payment designated in the bonds and in the notice of call. From that judgment Richard W. Norton, Jr., and Central Investment Company of Texas have prosecuted this appeal.

The case is an agreed one and there are no disputed fact questions. The question here presented is whether or not the county could legally call these bonds prior to the maturity dates stated therein.

The material facts are, that in January, 1914, appellee issued Courthouse and Jail Bonds in the principal sum of $125,000.00. On July 13, 1925, Kleberg County entered into a contract with H. C. Burt and Company to finance refunding bonds in the sum of $85,000.00, for the purpose of redeeming an equal sum of the original Courthouse and Jail Bonds. Pursuant to its obligation under the aforesaid contract, on September 14, 1925, the Commissioners' Court of Kleberg County passed and adopted an order authorizing the refunding bonds involved in this case. After taking all necessary legal steps the Kleberg County Courthouse and Jail refunding bonds were issued on October 10, 1925. Some of these bonds were purchased by appellants. On March 14, 1944, Kleberg County issued a notice calling these bonds for redemption on April 20, 1944. Appellants refused to surrender the bonds and are claiming interest on such bonds subsequent to that date.

Prior to the year 1925, when the statutes were recodified, Art. 657 appeared in Chapter 3, Title 18, of the Civil Statutes, and our courts definitely held that bonds issued in pursuance to its provision were *not* maturable prior to their respective maturity dates, unless so provided on the face of the bonds. State National Bank of El Paso v. Tarrant County, 145 Tex. 511, 199 S.W. 2d 152. After the recodification of the statutes in 1925, Article 657 was taken out of Chapter 3, Title, 18, and placed in Chapter 2, Title 22, as Art. 725, along with Art. 720. Article 720 now provides, in effect, that refunding bonds issued under Chapter 2, Title 22, are redeemable five years after their dates at the option of the County. Thus, Art. 725 now being part of Chapter 2, Title 22, R.C.S.1925, refunding bonds issued under the provisions of Art. 725 are redeemable at the option of the county at any time not sooner than five years after their issuance. Thus the question here presented is, should these bonds be regarded as being issued under the provisions of Art. 657, before the recodifying act became effective, at twelve noon September 1, 1925, or should they be regarded as having been issued under the provisions of Art. 725, as it now appears, as a part of Chapter 2 of Title 22? In the latter event the provisions of Art. 720 would apply, wherein it states: "All bonds issued under this chapter shall run not exceeding forty years, and may be redeemable at the pleasure of the county at any time after five years after the issuance of the bonds, or after any period not exceeding ten years, which may be fixed by the commissioners court." State National Bank of El Paso v. Tarrant County, 145 Tex. 511, 199 S.W. 2d 152; St. Paul Fire and Marine Ins. Co. v. Garza County, Tex.Civ.App., 215 S.W.2d 644.

It is clear that the contract for the bonds was entered into between H. C. Burt & Company and Kleberg County prior to the effective date of the recodifying act of 1925, and the bonds were actually authorized on September 14, 1925, after the recodifying act of 1925 had gone into effect, at 12 noon, September 1, 1925.

Appellants contend that the provisions of Article 725 and Art. 720, R.C.S.1925, do not apply to their bonds because to so hold would permit the Legislature, by subsequent legislation, to impair the obligation of the contract into by them on July 13, 1925. There can be no question but that Article 1, § 10, of the Federal Constitution, and Article 1, § 16, of the Texas Constitution forbids the impairment of a contract by subsequent act of the State Legislature. However, we are of the opinion that these bonds, issued subsequent to September 1,

1925, were issued pursuant to the provisions of Article 725, Revised Civil Statutes, 1925.

Article 725 was taken from Chapter 3, Title 18, and placed in Chapter 2, Title 22, by the regular session of the 39th Legislature, which convened on January 13, 1925, and adjourned on March 19, 1925, but the act adopting the 1925 Revised Civil Statutes provided that same should go into effect at 12 noon, September 1, 1925. Sec. 14, Article IV, Texas Constitution provides, among other things, as follows: "Every bill which shall have passed both houses of the Legislature shall be presented to the Governor for his approval. If he approve, he shall sign it; but if he disapprove it, he shall return it, with his objections * * *. If after such reconsideration, two-thirds of the members present agree to pass the bill, it shall be sent, with the objections, to the other House, by which likewise it shall be reconsidered; and, if approved by two-thirds of the members of that House, *it shall become a law*; * * *. If any bill shall not be returned by the Governor with his objections within ten days (Sundays excepted) after it shall have been presented to him, *the same shall be a law,* in like manner as if he had signed it, unless the Legislature, by its adjournment, prevent its return, in which case it shall be a law, unless * * *." (Emphasis ours.)

It would seem from the wording of the above section that a bill becomes a law of this state when it has passed both houses of the Legislature and has been signed by the Governor, or when it has been passed by a two-thirds record vote of both houses over the Governor's veto, or where the Governor has failed to disapprove the bill within the time provided in the section. However, the Supreme Court of this State has held that in view of the provisions of Sec. 39, Article III, Texas Constitution, a bill does not become a law until 90 days after adjournment of- the session of the Legislature at which it was passed, unless it is passed as an emergency, in which event it may become a law sooner. Missouri K. & T. Ry. Co. v. State, 100 Tex. 420, 100 S.W. 766. This is true even though the bill carries a provision that it is to become effective upon a date certain which is more than ninety days after adjournment of the Legislature. Popham v. Patterson, 121 Tex. 615, 51 S.W.2d 680.

In fact, it seems desirable that a new law should become a law and serve as a notice to the public before its effective date, so as to enable them to become acquainted with its provisions. Dunne v. Rock Ostand County, 283 Ill. 628, 119 N.E. 591.

The 39th Legislature having adjourned on March 19, 1925, Article 725 and Art. 720, as a part of Chapter 2, Title 22, became a law on or about June 17, 1925, which was prior to the time of the execution of the contract between H. C. Burt and Company and Kleberg County, and the parties to that contract were required on July 13, 1925, the date of the execution of the contract, to take notice of the provisions of these articles as re-enacted, and were, therefore, charged with knowledge, at the time they entered into the contract, that these refunding bonds, issued subsequent to September 1, 1925, would be redeemable, at the option of the county, prior to their maturity dates. In Popham v. Patterson, supra, it is said [121 Tex. 615, 51 S.W.2d 683]: "No act of the Legislature is operative as notice until it becomes a law, but it is so operative as soon as it does become a law. Since this act became a law, about June 20, 1930, it operated as notice from that date forward. This holding is in entire harmony with the holding in Missouri, K. & T. Ry. Co. v. State, supra."

It therefore appears that the obligation of the contract between H. C. Burt and Company and the County was not affected by an act of the Legislature subsequent to the date of the contract, as contended by appellants, but it was affected by an act of the Legislature which had already become a law, and of which the parties were required to take notice that bonds issued after September 1, 1925, would be redeemable prior to their maturity date. Diamond Glue Co. v. United States, 187 U.S. 611, 23 S.Ct. 206, 47 L.Ed. 328.

It is true that appellants' bonds and authorizing proceedings recited that same were issued under the provisions of

Article 657, Revised Civil Statutes 1911, but this fact cannot change the law, and the bonds, having been issued under the provisions of Article 725, Revised Civil Statutes of 1925, are redeemable at the option of the county, five years after their issuance, under the provisions of Article 720 of the Revised Civil Statutes of 1925. St. Paul Fire and Marine Ins. Co. v. Garza County, Tex.Civ.App., 215 S.W.2d 644.

Appellants' last contention is that the "Notice of Call" issued by Kleberg County on March 14, 1944, whereby it undertook to call appellants' bonds for prior redemption on April 20, 1944, stated that such call was being exercised by authority granted by Article 611, Revised Civil Statutes 1911, rather than Art. 720, Revised Civil Statutes 1925, and was therefore ineffective. We overrule this contention. Under the provisions of Article 720, supra, the county had a legal right to call these bonds on April 20, 1944, and the fact that the notice contained a wrong reference to the law did not render such call ineffective.

Accordingly, the judgment of the trial court is affirmed.