COCHRAN COUNTY V. GERALD C. MANN,
ATTORNEY GENERAL ET AL.

No. 8116. Decided June 16, 1943.
Rehearing overruled July 21, 1943.
(172 S. W., 2d Series, 689.)

*Lloyd R. Kennedy,* County Attorney of Cochran County, of Morton, for the County, and *Vinson, Elkins, Weems & Francis* and *Victor W. Bouldin,* all of Houston, for intervenors:

On proposition that statutes authorizing issuance, sale, payment, and redemption of bonds, in force at the time of issuance, part of the bonds and the contract which they represent. David v. Timon, 183 S. W. 88; Crabb v. Celeste Ind. Sch. Dist., 105 Texas 194, 146 S. W. 528; Moore v. Coffman, 109 Texas 93, 200 S. W. 374; Smith v. City of Port Arthur, 62 S. W. (2d) 385.

*Gerald C. Mann,* Attorney General, *George W. Marcus, C. F. Gibson, Geo. W. Sparks,* Assistants Attorney General, and *John D. McCall, Clarence E. Crowe* and *W. P. Dumas,* all of Dallas, for respondents.

Respecting county bonds, the right of redemption, conferred by Article 720, R. S. 1925 (Article 611, R. S. 1911) can be enforced when and only when the same is stipulated in the order and notice of the bond election, or in the order authorizing the issuance of the bonds and providing for their payment. State v. Delesdenier, 7 Texas 106; Higgins v. Rinker, 47 Texas 401; Turpin v. Madison County, (Ky.) 48 S. W. 1085; Road Dist. No. 2, Colorado County v. Gregory, 120 S. W. (2d) 859.

*Rosser J. Coke, Hamilton, Lipscomb, Wood & Swift, Eugene DeBogory,* all of Dallas, *Davis, Hall, Clemens & Knight,* of San Antonio, and *E. E. Coons,* County Attorney of Sherman County, of Stratford, filed briefs as amici curiae.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is an original mandamus proceeding brought in this Court by Cochran County Against the Honorable Gerald C. Mann, Attorney General of Texas, and others, to compel the Attorney General to approve certain refunding bonds proposed to be issued by Cochran County.

In 1924 Cochran County voted bonds for the purpose of building a courthouse. Some of the bonds were issued in 1924, and the remainder thereof in 1926. They were payable in series in 1934, 1944, 1954, and 1964, respectively. No express provision was made by the Commissioners' Court of the county at the time the bonds were issued for the redemption of the bonds at an earlier date. The county now proposes to issue new bonds for the purpose of refunding the outstanding, unpaid bonds. The Attorney General has refused to approve the new bonds because, in his opinion, the county has no authority to recall its outstanding bonds and redeem them at this time. The only material question here to be determined is whether the county has the right to redeem its outstanding bonds at this time.

The bonds were voted under Chapter 1, Title 18, of Revised Statutes of 1911. Article 611 of Revised Statutes of 1911, which formed a part of the above-mentioned chapter, and was in force at the time the first series of bonds were issued by Cochran County in 1924, read as follows:

"All bonds issued under this chapter shall run not exceeding forty years, and *shall* be redeemable at the pleasure of the county at any time after five years after the issuance of the bonds, or after any period not exceeding ten years, which may be fixed by the Commissioners' Court." (Italics ours.)

This same Article was brought forward as Article 720 as a part of Chapter 2, Title 22, in the recodification of 1925 in the same language, except that the word "shall," which we have italicized, was changed to the word "may." It has remained unchanged since that time. We consider that this change in the wording of the statute, as brought about by the recodification in 1925, made no change in the meaning or effect of the statute, and that it is therefore unimportant on the question here under consideration.

■ The above statute, being in effect at the time the bonds were issued, was read into and formed a part of the contract, and purchasers of the bonds were charged with notice thereof and are presumed to have bought the bonds in recognition thereof. 1 Jones, Bonds and Bond Securities (4th Ed.), p. 590, par. 527.

■ As we construe the above statute, where bonds are issued under the chapter therein referred to, if the Commissioners' Court at the time the bonds are issued makes no provision concerning its right to redeem the bonds prior to their maturity, they may be redeemed at the pleasure of the county at any time after five years after the issuance thereof. However, the Com-

missioners' Court may, by an appropriate order entered at the time the bonds are issued, postpone that date after which the bonds may be redeemed to not exceeding ten years from the date of their issuance. The bonds are redeemable, in all events, at not exceeding ten years from the date of their issuance. Dallas County v. Lockhart, State Treasurer, 128 Texas 50, 96 S. W. (2d) 60.

Since no provision was made fixing the date after which the bonds here under consideration could be redeemed, they were redeemable, perforce of the statute, at any time after five years after the issuance thereof. Under this construction of the statute and the record as here presented, the Attorney General should have approved the bonds.

The writ of mandamus will issue as prayed.

Opinion delivered June 16, 1943.

Rehearing overruled July 21, 1943.