BEXAR COUNTY, TEXAS, v. GROVER SELLERS,
ATTORNEY GENERAL, ET AL.

Motion No. A-69. Decided February 23, 1944.
(178 S. W., 2d Series, 505.)

*John R. Shook,* Criminal District Attorney of Bexar County, *Jay Sam Levey,* Assistant Criminal District Attorney of Bexar County, both of San Antonio, and *J. P. Gibson,* of Austin, for petitioner.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

Bexar County has filed in this Court a motion for leave to file a petition for mandamus to compel the Attorney General to approve the issuance of certain refunding bonds proposed to be issued by said county.

In 1925 the Commissioners' County of Bexar County issued Bexar County Juvenile Home Bonds in the sum of $50,000.00, maturing serially from 1927 to 1965, both dates inclusive. These bonds were issued under Chapter 1, Title 18, Revised Statutes of 1911, which is now Chapter 2, Title 22, of Revised Statutes of 1925.

In 1943 the Commissioners' Court of said county issued refunding bonds in the sum of $33,000.00, to take up and refund the balance of the original 1925 series of bonds. The refunding bonds were dated October 10, 1943, and maturing serially from 1944 to 1962, inclusive, "with option of redemption on any interest payment date on or after October 10, 1953, upon thirty days' notice."

Said county now proposes to issue new bonds of date February 15, 1944, to take up the refunding bonds previously issued on October 10, 1943. The holders of the 1943 series of bonds have refused to surrender them for redemption, and the Attorney General has refused to approve the record for the issuance of the new bonds to be dated February 15, 1944.

We think the Attorney General is correct in his position. Revised Statutes of 1925 Article 720 reads as follows:

"All bonds issued under this chapter shall run not exceeding forty years, and may be redeemable at the pleasure of the county at any time after five years after the issuance of the bonds, or after any period not exceeding ten years, which may be fixed by the commissioners court."

Revised Statutes Article 725 authorized the issuance of the 1943 series of refunding bonds, and since that Article is a part of the same chapter as is Article 720 quoted above, the refunding bonds issued in 1943 by virtue of Article 725 are subject to the provisions of Article 720.

As held by this Court in Cochran County v. Mann, 141 Texas 398, 172 S. W. (2d) 689, all bonds issued under Chapter 2, Title 22, of Revised Statutes of 1925, are subject to the provisions of Article 720, and if at the time the bonds are issued the Commissioners' Court does not evidence its election as to when the bonds may be redeemed, they automatically become redeemable at any time after five years after the issuance thereof. But the Commissioners' Court, if it elects, may postpone the date after which the bonds may be redeemed to not exceed ten years from the date of their issuance. In accordance with the provisions of said Article 720 the Commissioners' Court of Bexar County elected to fix the date after which the 1943 series of bonds could be redeemed at ten years after their date. Consequently all of the bonds which do not by their terms mature prior to October 10, 1953, are not redeemable prior to that date without the consent of the holders thereof.

Petitioner seems to be of the opinion that the five and ten-year period provided for in Article 720, after which the bonds may be redeemed, begins to run from the date of the creation of the original indebtedness, and not from the date of the issuance of the 1943 refunding bonds sought to be redeemed. We are not in accord with this view. The refunding bonds which the county now seeks to refund are "bonds issued under this chapter" within the meaning of Article 720, and the five and ten-year period therein provided for after which the bonds may be redeemed begins to run from the date of the issuance of the bonds sought to be redeemed—in this instance October 10, 1943—and not from the date of the original indebtedness—that is, 1925. Therefore the refunding bonds issued in 1943 are not redeemable at this time.

The motion for leave to file the petition for mandamus will be overruled.

Opinion delivered February 23, 1944.