ROAD DISTRICT NO. 1, JEFFERSON COUNTY, TEXAS, V. GROVER SELLARS, ATTORNEY GENERAL, ET AL.

JEFFERSON COUNTY, TEXAS V. GROVER SELLARS, ATTORNEY GENERAL, ET AL.
(Four Cases)

Nos. 100, 101, 102, 103, decided May 10, 1944.
(180 S. W., 2d Series, 138)

*Shelby Long,* County Attorney, and *Earl Black,* Assistant County Attorney, for Jefferson County, both of Beaumont, for petitioner.

*Grover Sellars,* Attorney General, *C. F. Gibson* and *Gaynor Kendall,* Assistants Attorney General, for respondent; *Hamilton, Lipscomb, Wood & Swift,* of Dallas, for Southwestern Life Insurance Co.; *Roy B. Lucas, Stanley Bassett* and *L. H. Betts,* all of Kansas City, Mo., for Kansas City Life Insurance Co.; *Witt, Terrell, Lincoln, Jones & Riley* and *W. E. Witt,* of Waco, for Amicable Life Insurance Co.; *Black, Graves & Stayton* and *Charles L. Black,* all of Austin, for Employers Casualty Co. and Texas Employers Insurance Assn., and others; *Goldsmith & Bagby,* of Austin, with *W. P. Dumas, John D. McCall, Clarence E. Crowe* and *Millard Parkhurst,* all of Dallas, for State Life Insurance Co. and others, and *Strong & Moore* and *Beeman Strong,* all of Beaumont, for T. F. Rothwell, all respondents.

The Legislature having enacted specifically with reference to the time element of the bonds allowed to be issued pursuant to Chapter 32, Acts Fourth Called Session, 43rd Legislature, those provisions are controlling as to the maturity of the bonds, and forecloses the theory that provisions relating to maturity and redemption of bonds issuable under other laws were intended to be adopted and made applicable thereto. State v. Frear, 144 Wis. 79, 128 N. W. 1068; Simpson v. Nacogdoches, 152 S. W. 858.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

Jefferson County has filed three original applications in this Court for writs of mandamus to compel the Attorney General to approve the issuance of certain refunding bonds which it proposes to issue for the purpose of taking up and discharging certain bonds theretofore issued by it. Road District No. 1 of Jefferson County has filed a similar application. The Attorney General has refused to approve the issuance of the new bonds on the ground that the outstanding bonds sought to be refunded are now owned by third parties and are not redeemable at this

time. All four applications will be disposed of under a single opinion.

Article 611 as it was embodied in Chapter 1, Title 18, of Revised Statutes of 1911, read as follows:

"All bonds issued under this chapter shall run not exceeding forty years, and *shall* be redeemable at the pleasure of the county at any time after five years after the issuance of the bonds, or after any period not exceeding ten years, which may be fixed by the commissioners' court." (Italics ours.)

This same Article was brought forward as Article 720 in Chapter 2, Title 22, in the recodification of 1925 in the same language, except that the word "shall," which we have italicized, was changed to "may." It has remained unchanged since that time. Hereinafter in referring to the above statute, it will be referred to as Article 611 when we are discussing bonds issued prior to 1925, and as Article 720 when we are discussing bonds issued subsequent to 1925.

In the case of Cochran County v. Mann, Attorney General, 141 Texas 398, 172 S. W. (2d) 689, we held that where bonds were issued under Chapter 1 of Title 18 of Revised Statutes of 1911, or Chapter 2 of Title 22 of Revised Statutes of 1925, the above-quoted statute was read into and made a part of the bond contract, and that if the Commissioners' Court at the time the bonds were issued made no provision concerning its right to redeem the bonds prior to their maturity, the bonds were redeemable at the pleasure of the county at any time after five years after the issuance thereof. We further held that the Commissioners' Court could, by an appropriate order entered at the time the bonds were issued, postpone the date after which the bonds could be redeemed to not exceeding ten years from the date of their issuance.

None of the bonds here sought to be refunded were issued under the chapter which embodied the statute above quoted. None of the bonds are now due, nor are they by their terms redeemable at this time. Neither is there any provision in the Acts or chapters under which they were issued which, standing alone, makes the bonds redeemable at this time. If any of the bonds are now redeemable, it is solely by virtue of the fact that the Acts under which they were issued refer back to the Article above quoted, and thereby make its provisions applicable to such bonds.

## No. A-101.

The bonds involved in cause No. A-101 were issued in 1935 by Jefferson County under a special law (Acts 1934, 43rd Leg., 4th C. S., p. 78, ch. 32) for the purpose of constructing the Neches River bridge. This case will be discussed first because in our opinion the record is more favorable to petitioner than are the records in the other cases. The only material provision of the special act authorizing the issuance of these bonds will be found in Section 3 thereof. It reads in part as follows:

"Said bonds, if voted, shall bear interest at the rate of not exceeding five per cent. (5%) per annum and shall mature not later than thirty (30) years from their date and shall be issued in such denominations and payable at such time or times as may be deemed most expedient by the Commissioners' Court of Jefferson County * * * . Said bonds shall be voted and issued under the provisions of Chapters 1 and 2 of Title 22, Revised Civil Statutes of 1925, except as otherwise provided by this Act."

■ It will be noted that the Act provides that the bonds therein provided for shall be issued under the provisions of Chapters 1 and 2, Title 22, of Revised Statutes of 1925, *"except as otherwise provided by this Act."* This makes it clear that in the event of a conflict between the provisions of said Chapters 1 and 2 and the provisions of this Act, the latter will control in so far as the bonds here involved are concerned.

■ It is contended that the hereinabove quoted Article 720, which makes certain county bonds redeemable under certain conditions after five years from the date of their issuance, is applicable to the bonds here under consideration. Article 720 is by its terms made applicable only to bonds issued under the provisions of "this Chapter," meaning Chapter 2, Title 22, of Revised Statutes of 1925. The bonds in question were not issued under that chapter. Since the Legislature saw fit to limit the provisions of Article 720 to bonds issued under that specific chapter we should not extend its provisions to bonds issued under other Acts and chapters, unless it is reasonably clear that such was the intention of the Legislature. If its provisions have been so extended as to cover the bonds here involved, it is solely because the Act under which these bonds were issued in some way refers thereto and incorporates its provisions as a part of said Act. In the case of State v. Frear, 144 Wis. 79, 128 N. W. 1068, 1074, the Supreme Court of Wisconsin discussing the claim that the provisions of an older law had been adopted, had the following to say:

"We should have as little confusion as possible in our statute law. Where the attempt is made to incorporate parts of a former law into one that is being presently made, the language used should be such as to indicate with reasonable degree of certainty what was in the legislative mind. A careful and intelligent reading of the two acts should be sufficient to indicate to the reader what parts of the old law were applicable to and were incorporated in the new. People are obliged to obey the laws, and, in order that they may do so, they should be put in a position where they can ascertain what they are."

The rule above announced is peculiarly applicable in a case such as this, for it is always essential that bond contracts be as free from uncertainties as possible in order that the full extent of the contract may be readily ascertainable; otherwise the bonds may not bring their full value and the taxpayers will suffer.

The Act under which these bonds were issued provides that such bonds "shall mature not later than thirty years from their date and shall be * * * payable at such time or times as may be deemed expedient by the Commissioners' Court of Jefferson County"; whereas Article 720 provides that the bonds therein referred to "shall run not exceeding forty years, and may be redeemable at the pleasure of the county at any time after five years after the issuance of the bonds, or after any period not exceeding ten years, which may be fixed by the commissioners' court." An examination of the two statutes will disclose that the Legislature in the enactment of the statute under which these bonds were issued conferred on the Commissioners' Court full and unlimited power to make the bonds payable at such time or times as may be deemed expedient by the Commissioners' Court not later than thirty years from their date, whereas no such unlimited authority was granted to Commissioners' Courts under the provisions of Article 720. The Legislature, by the enactment of Article 720, specifically withheld from the Commissioners' Courts the power to issue bonds of the kind therein referred to that could be redeemed or paid off at any time after ten years after their issuance. In our opinion there is such conflict between the two provisions that we would not be justified in holding that the provisions of Article 720 are applicable to the bonds issued under the Act here under consideration.

It is true that Article 720 relates to the time when the bonds may be *redeemed,* whereas the Act under consideration relates to the time when the bonds shall be *payable,* but in our opinion there is no essential difference in the subjects dealt with in so far

as the question here under consideration is involved. To redeem and to pay sometimes mean the same thing, and in this instance the right of redemption provided for in Article 720 is merely an option to pay the bonds. The method of redemption contemplated by the statute was by payment. Consequently when the Legislature, by the enactment of Article 720, fixed a date after which the bonds there referred to could be redeemed, it fixed a date when such bonds could be paid.

We hold that the bonds sought to be refunded in this instance are not redeemable at this time.

---

## No. A-103.

■ The bonds involved in cause No. A-103 were issued by Jefferson County in 1937 under the provisions of Vernon's Anno. Civ. Stats., Arts. 752a to 752i, incl. (Acts 1926, 39th Leg., 1st C. S., p. 23, ch. 16). The only pertinent section of that Act with reference to the issuance and maturity of the bonds therein provided for is Article 752i, which reads as follows:

"Such bonds shall mature not later than thirty years from their date, except as herein otherwise provided; they shall be issued in such denominations, and payable at such time or times as may be deemed most expedient by the Commissioners' Court, and shall bear interest not to exceed five and one half per cent per annum. The general laws relative to county bonds, not in conflict with the provisions of this Act, shall apply to the issuance, approval and certification, the registration, the sale and payment of the bonds provided for in this Act."

It will be seen that the Act provides that "such bonds shall mature not later than thirty years from their date" and shall be *"payable at such time or times as may be deemed most expedient by the Commissioners' Court."* For the reasons stated in discussing cause No. A-101, this provision is in conflict with the provisions of Article 720, which provides that the bonds referred to therein shall run not exceeding forty years and may be redeemable at the pleasure of the county after five years from the issuance of the bonds. Since only such part of the general law relating to county bonds as was not in conflict with the provisions of the Act here under consideration was made applicable to the bonds here involved, the provisions of Article 720 are not applicable to bonds issued under the Act here under consideration.

## No. A-100.

The bonds involved in cause No. A-100 were issued in 1922 by Road District No. 1 of Jefferson County under the provisions of Chapter 2, Title 18, of Revised Statutes of 1911. At that time Article 632 of that chapter read in part as follows:

"Such bonds shall mature not later than thirty years from their date, except as otherwise provided in Articles 637a and 637b hereof, with such options of redemption as may be fixed by the Commissioners' Court, or such bonds may be issued to mature serially in approximately equal portions every year for not exceeding thirty years." (Acts 1917, 35th Leg., p. 461, ch. 203, sec. 1.)

Article 633 of the same chapter read as follows:

"The general laws of Texas relative to county bonds, not in conflict with the provisions of this subdivision of this chapter shall apply to the issuance, approval, registration, sale and payment of the bonds provided for in said provisions."

It will be noted that Article 633 makes only such of the general laws relative to county bonds as are *not in conflict* with the provisions of Chapter 2, applicable to the bonds issued under the provisions of that chapter. The specific provision of Article 632 that the bonds issued under that chapter should have *"such option of redemption as may be fixed by the commissioners' court"* is in direct conflict with the provisions of Article 611 of Chapter 1 of Title 18 of Revised Statutes of 1911, which make the bonds issued under that chapter redeemable within five years after their issuance, or after any period not exceeding ten years, which may be fixed by the Commissioners' Court. Article 632 gives the Commissioners' Court unlimited authority to fix the date after which the bonds there referred to could be redeemed; whereas Article 611 of Revised Statutes of 1911 withheld from the Commissioners' Court the authority to postpone the county's right to redeem the bonds there referred to for more than ten years after their issuance. Consequently it cannot be said that the provisions of said Article 611 found in Chapter 1 were by reference incorporated in and made applicable to bonds issued under Chapter 2.

The Act under which these bonds were originally issued was held unconstitutional and invalid in the case of Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330. Thereafter the Legislature of this State passed validating acts which validated the bonds here involved (See Acts 1926, 39th Leg.,

G. L., 1st C. S., p. 33, ch. 17; Acts 1926, 39th Leg., S. L., 1st C. S., p. 1025, ch. 358). It is not necessary to discuss the terms of the validating Act. It is sufficient to say that the validating Acts contain nothing to indcate that it was the intention of the Legislature to make the provisions of Article 611 applicable to such bonds. Consequently the bonds sought to be refunded in this instance are not redeemable at this time.

<hr>

## No. A-102.

■  Chapter 163 of the Acts of 1931, Reg. Sess., 42nd Leg., p. 269 (now Art. 2368a, Vernon's Anno. Civ. Stats.) authorized the Commissioners' Court to issue refunding bonds to take up outstanding warrants. Accordingly Jefferson County issued bonds in the sum of of $125,000 for that purpose. Jefferson County issued those bonds payable serially, no provision being made for their redemption at an earlier date. These are the bonds which Jefferson County now desires to refund by the issuance of new bonds.

The Act authorizing the issuance of these refunding bonds provided, in effect, that notice of the intention to refund such outstanding indebtedness should be published in a newspaper, and unless a protest was filed the Commissioners' Court could issue the bonds; but if as much as ten percent of the voters filed a protest, the matter should be submitted to an election as to whether the indebtedness should be refunded by the issuance of bonds. The Act further provided:

"The Commissioners' Court or governing body shall determine the time and the place or places of holding said election; and the manner of holding same shall be governed by the laws of the State regulating elections for the issuance of other county or city bonds under Chapters 1 and 2, Title 22, Revised Civil Statutes of 1935."

The mere fact that the Act provided that the election to determine whether the bonds should be issued should be held in the manner prescribed for holding of elections for the issuance of other county bonds certainly is not broad enough to incorporate and make applicable the provisions of Article 720 which relate to the time of redemption of the bonds.

7  Said Act further provides:

"The funding bonds hereby authorized shall be payable serially not exceeding forty years from the date thereof, unless the

Commissioners' Court or governing body affirmatively adjudge that the financial condition of such county or city will not permit, in such installments as will make the burden of taxation to support same, approximately uniform throughout the term of said bond issue. Such bonds shall be executed and issued in the same manner now provided by law for the execution and issuance of bonds to refund outsanding county or city bonds."

In view of the fact that the Act so clearly authorizes the Commissioners' Court to fix the date for the payment of such bonds, we are likewise of the opinion that the provision that "Such bonds shall be executed ånd issued in the same manner now provided by law for the execution and issuance of bonds to refund outstanding county or city bonds," is not sufficient to incorporate and make applicable thereto the provisions of Article 720 relating to the right to redeem the bonds prior to their maturity.

■ It is contended that the provisions of Article 752x, Vernon's Anno. Civ. Stats. (Acts 1929, 41st Le., 2nd C. S., p. 149, ch. 74) are applicable to the bonds here under consideration, and particularly those involved in cause No. A-100. That Article read in part as follows:

"That the Commissioners' Courts of the several counties in Texas shall have authority to refund any Road Bonds that have been issued or that may hereafter be issued by authority of any law enacted pursuant to Section 52 of Article 3 of the Constitution of Texas, when such Road Bonds have been issued for and on behalf of a political subdivision or defined district or consolidated district in such county. Such refunding bonds shall be made to mature serially over a period not exceeding forty years from their date, as may be determined by the Commissioners' Court, and they may be made to bear interest at the same or a lower rate than the original bonds which are being refunded."

That Article does authorize Commissioners' Courts to refund any road bonds previously issued, or that may be thereafter issued, by any road district. But the only reasonable construction to be placed thereon is that it was intended to authorize the Commissioners' Court to issue refunding bonds for the Road District when the old bonds sought to be refunded were then redeemable, or when they could be redeemed with the consent of the owner thereof. If it was intended thereby to alter bonds previously issued and sold so as to make them redeemable contrary to their terms as construed in the light of the statutes

538

as they existed at the time the bonds were issued and sold, and without the consent of the owner thereof, then the statute would be void as impairing the obligation of an existing contract. See Article I, Section 16, of the Constitution. We think the only purpose of this Act was to make it clear that the Commissioners' Court was the proper authority to issue the refunding bonds for the Road District where the bonds sought to be refunded were otherwise redeemable.

We are of the opinion that none of the bonds sought to be refunded are redeemable at this time, and consequently the Attorney General properly refused to approve the issuance of the new bonds.

All four applications for writs of mandamus are refused.

Opinions delivered May 10, 1944.