

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
~~JOHN REEVE~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Everett Hutchinson
Bond Counsel
State Board of Education
Austin, Texas

Dear Sir:

Opinion No. 0-6967
Re: Are the Dallas County Road
Bonds in question callable
under the provisions of Ch.
2, Title 22, Revised Civil
Statutes?

Investigation of the record on file with the Comptroller of Public Accounts discloses that the bonds mentioned in your request were authorized by an order of the County Commissioners' Court of Dallas, County, Texas, on the 13th day of June, 1940, being a partial issue of $750,000 of bonds authorized at an election duly and legally held on the 2nd day of May, 1939; said bonds being dated May 10, 1940, and were approved by the Attorney General of Texas and registered by the Comptroller of Public Accounts on July 3, 1940.

The record also reveals that the Commissioners' Court, at the time the bonds were issued, made no provisions concerning its right to redeem the bonds prior to their maturity.

The bonds were voted under Chapter 2, Title 22, of the Revised Civil Statutes of Texas, 1925. Article 720 of the Revised Civil Statutes of 1925 forms a part of the above mentioned chapter and reads as follows:

"All bonds issued under this chapter shall run not exceeding forty years, and may be redeemable at the pleasure of the county at any time after five years after the issuance of the bonds, or after any period not exceeding ten years, which may be fixed by the commissioners court."

The Supreme Court of Texas held in the case of Cochran County v. Mann, 172 S.W. (2d) 689, that all bonds issued under Chapter 2, Title 22, Revised Civil Statutes, 1925, are subject to the provisions of said Article 720. We quote from the opinion as follows:

"The above statute, being in effect at the time the bonds were issued, was read into and formed a part of the contract, and purchasers of the bonds were charged with notice thereof

and are presumed to have bought the bonds in recognition thereof. 1 Jones Bonds and Bond Securities (4th Ed.) p. 590, par. 527.

"As we construe the above statute, where bonds are issued under the chapter therein referred to, if the Commissioners' Court at the time the bonds were issued makes no provision concerning its right to redeem the bonds prior to their maturity, they may be redeemed at the pleasure of the county at any time after five years after the issuance thereof. However, the Commissioners' Court may, by an appropriate order entered at the time the bonds are issued, postpone the date after which the bonds may be redeemed to not exceeding ten years from the date of their issuance. The bonds are redeemable in all events, at not exceeding ten years from the date of their issuance. Dallas County v. Lockhart, State Treasurer, 128 Tex. 50, 96 S.W. (2d) 60.

"Since no provision was made fixing the date after which the bonds here under consideration could be redeemed, they were redeemable, perforce of the statute, at any time after five years after the issuance thereof."

In view of the foregoing, you are advised that the $200,000 Dallas County Road Bonds, dated May 10, 1940, bearing interest at the rate of 2-3/4% per annum are now redeemable at the pleasure of the county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
   s/ Claud O. Boothman
     Claud O. Boothman
       Assistant

COB:EP:egw

APPROVED DEC. 10, 1945
s/ Carlos Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee
By BWB Chairman