

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

March 22, 1947

Hon. Jack C. Altaras      Opinion No. V-102
County Attorney
Johnson County           Re: Redemption of court-
Cleburne, Texas                  house refunding bonds
                                     issued in 1923

Dear Sir:

         We have received your letter of March 6, 1947, which we quote in part as follows:

> "The County of Johnson issued certain Court House Refunding Bonds dated April 10, 1923, and due April 10, 1947. In October, 1945, the County called in the outstanding County Court House Refunding Bonds. One holder of these bonds has refused to submit them and has demanded payment of principal and interest to maturity date. QUESTION: In view of the decision handed down January 29, 1947, by the Supreme Court of Texas in the case of the State National Bank of El Paso vs. Tarrant County, Texas, does Johnson County have the right to call in the outstanding County Court House Refunding Bonds?"

         We have examined the original transcript covering these bonds which is on file in the Comptroller's Department. It is noted that the bonds were made payable serially from 1925 to 1953, inclusive. We assume that in your letter you have reference to the $7,000.00 of bonds (Nos. 96 to 102, inclusive) which mature on April 10, 1947. The transcript shows that no option of redemption prior to maturity was included in the bonds. Therefore, if they can be redeemed prior to their maturity date, the authority must come from operation of law.

         The record shows that the bonds were issued to refund $150,000 "Johnson County Courthouse Bonds," dated October 10, 1912, due and payable forty years from their date, "with option reserved to redeem

said bonds at any time after TEN YEARS from their date."
The authority to issue the refunding bonds was found in
Article 657, Chapter 3, Title 18, Revised Civil Statutes
of 1911. Moreover, it is expressly stated in Section I
of the bond order and in the bonds themselves that the
bonds were issued under the authority of the Constitu-
tion and Laws of the State of Texas, "particularly Ar-
ticle 657, of Chapter 3, Title 18, Revised Civil Stat-
utes of Texas of 1911 . . ." Article 657 provided as
follows:

> "Art. 657. Old bonds of legal issue may
> be substituted by new. -- Where bonds have
> been legally issued, or may be hereafter
> issued, by any county for any of the pur-
> poses named in Article 610, new bonds
> bearing the same or a lower rate of inter-
> est may be issued in conformity with ex-
> isting law, in lieu thereof. (Acts 1893,
> p. 112. Acts 1901, p. 16.)"

The original bonds were issued under the
authority of Article 610, Chapter 1, Title 18, Revised
Civil Statutes of 1911.

Article 611, which was part of Chapter 1 of
Title 18, provided as follows:

> "Art. 611. To run not exceeding forty
> years; redeemable when.--All bonds issued
> under this chapter shall run not exceed-
> ing forty years, and shall be redeemable
> at the pleasure of the county at any time
> after five years after the issuance of
> the bonds, or after any period not exceed-
> ing ten years, which may be fixed by the
> commissioners' court. (Acts 1893, p. 112.)"
> (Emphasis added)

The Supreme Court of Texas in the case of
Cochran County v. Mann, 172 S. W. (2d) 689, in inter-
preting Article 611 held as follows:

> "As we construe the above statute, where
> bonds are issued under the chapter there-
> in referred to, if the Commissioners'
> Court at the time the bonds are issued
> makes no provision concerning its right
> to redeem the bonds prior to their matur-

ity, they may be redeemed at the pleasure
of the county at any time after five years
after the issuance thereof. However, the
Commissioners' Court may, by an appropri-
ate order entered at the time the bonds
are issued, postpone the date after which
the bonds may be redeemed to not exceeding
ten years from the date of their issuance.
The bonds are redeemable, in all event, at
not exceeding ten years from the date of
their issuance.  Dallas County v. Lockhart,
State Treasurer, 128 Tex. 50, 96 S.W. 2nd
60."  (Emphasis added).

However, the Johnson County Courthouse Re-
funding Bonds were issued in 1923 under the authority
of Article 657 which appeared in a different chapter.
In the 1925 revision of Texas Statutes, Article 657 was
placed in the same chapter with Articles 610 and 611.
In the Revised Civil Statutes of 1925 these statutes
appear in Chapter 2 of Title 22 as Articles 718 (610),
720 (611), and 725 (657).  The Supreme Court in the
case of Bexar County v. Sellers, 178 S. W. (2d) 505,
held that the redemption provisions of Article 720 ap-
plied to all bonds issued under Chapter 2 of Title 22,
which included refunding bonds issued under the author-
ity of Article 725 of that chapter.

We have stated before, however, that the
refunding bonds under consideration were issued in 1923
under the authority of Article 657, which appeared in a
different chapter from Article 611, and as stated by
the Supreme Court in the case of State National Bank of
El Paso v. Tarrant County, Texas, 199 S. W. (2d) 152:

"We are here construing the applicable stat-
utes as they existed in 1922, when the fund-
ing bonds involved in this suit were issued."

The statutes were the same in 1923 as in 1922.

In the Tarrant County case the identical leg-
al question as the one under consideration was before
the Supreme Court.  Tarrant County had issued refunding
bonds in 1922 under the authority of Article 657.  No
right of prior redemption was retained in those bonds.
The Court held as follows:

". . . It is undisputed that the right
to redeem such bonds before the matur-
ity dates stated in such bonds was not
reserved in the bonds or in the orders
of the Commissioners' Court authorizing
their issuance.  The redemption article,
Article 611 of Chapter 1 of Title 18 of
the 1911 statutes, provides that 'all
bonds issued under this chapter shall
be redeemable' within a certain period
of time.  It is quite obvious that that
article does not by its own terms apply
to bonds issued under any other chapter.
Jefferson County v. Sellers, 142 Tex.
528, 180 S. W. (2d) 138; Gavin v. Potter
County (Civ. App.), 187 S. W. (2d) 705
(writ refused) . . ."

" . . .

"We have concluded that the redemption
provisions of Article 611 of the Revised
Civil Statutes of 1911 applied only to
bonds issued under Chapter 1 of Title
18 of the 1911 Revised Civil Statutes,
and cannot be applied to funding bonds
issued under Chapter 3 of Title 18 of
the 1911 Revised Civil Statutes."


## SUMMARY

As the Johnson County Courthouse
Refunding Bonds, dated April 23, 1923,
contained no option of prior redemp-
tion, under the decision of the Supreme
Court of Texas in the case of State Na-
tional Bank of El Paso v. Tarrant County,
199 S.W. (2d) 152, the outstanding bonds
of such issue are not subject to redemp-
tion prior to maturity, and the Commis-
sioners' Court of Johnson County has no
right to call in such outstanding bonds
prior to maturity.  Of course, such

bonds may be redeemed before maturity
with the consent of the holders there-
of.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   *George W. Sparks*

George W. Sparks
Assistant

GWS-s:wb

APPROVED MARCH 22, 1947

*Price Daniel*

ATTORNEY GENERAL OF TEXAS