## AMERICAN UNITED LIFE INS. CO. v. WOOD COUNTY.

### No. 6376.

Court of Civil Appeals of Texas. Texarkana.
June 10, 1948.

Rehearing Denied Sept. 9, 1948.

Samuels, Brown, Herman & Scott, of Fort Worth, for appellant.

Gibson, Gibson & Boothman, of Austin, and M. L. Harris of Quitman, for appellee.

HARVEY, Justice.

American United Life Insurance Company brought suit against Wood County, Texas, seeking judgment for debt based upon certain bonds issued by said County, and seeking a declaratory judgment as to whether the bonds were subject to the right of Wood County to redeem them prior to the maturity dates specified therein. The case was tried to the court and from a judgment entered in favor of the defendant, the plaintiff has perfected this appeal.

The record is before us on undisputed facts. The Commissioners' Court of Wood County in 1912, acting pursuant to the provisions of Ch. 1, Special Laws of the First Called Session, 28th Legislature of Texas, 1903, issued $120,000.00 of Wood County Road and Bridge Bonds, in denomination of $1,000.00 each, bearing interest of 5% per annum, and the last bond maturing September 12, 1952. In the proceedings authorizing the issuance of the bonds, and in the face of each bond, Wood County reserved the right to redeem the bonds at any time after the expiration of ten years from their date by paying the amount of principal and interest due and after notice had been given to the holders of the bonds. In 1928, the Commissioners' Court of Wood County exercised this right to redeem the bonds of the 1912 issue still outstanding, and refunded $70,000.00 of such bonds in Wood County Road and Bridge Refunding Bonds, dated April 15, 1928, in denomination of $1,000.00 each, bearing interest at the rate of 4¾% per annum, and the last bond maturing April 15, 1968. It was stated in the order authorizing such refunding bonds, and in the face of the bonds themselves, that they were issued under the provisions of Ch. 1, Special Laws of the First Called Session, 28th Legislature of Texas 1903; no option

of redemption prior to the maturity dates of the bonds was retained by the County, either in the proceedings relating to their issuance or in the face of the bonds. On December 11, 1944, the Commissioners' Court of Wood County called all outstanding bonds of the 1928 refunding issue for payment on February 1, 1945, and in the order and notice of such call it was stated that they were called pursuant to the option granted under the terms of Article 720, R.C.S. of Texas 1925, and also it was stated that interest would cease on the bonds on February 1, 1945. The American United Life Insurance Company, the holder of such oustanding refunding bonds, refused to surrender the bonds and filed suit to collect interest alleged to be due since the last interest payment on October 15, 1944, and asked for a declaratory judgment that its bonds were not redeemable prior to their respective maturity dates.

In 1903, the First Called Session of the 28th Legislature passed a Special Road Law for various counties, including Wood County, which act became Ch. 1 of the Special Laws. This Special Act authorized Wood County to issue non-voted road bonds, and it was further provided that all bonds so authorized should be issued subject to the provisions of Arts. 918a to 918f, R.C.S. of Texas 1895. No right of redemption prior to the maturity date of the bonds was provided under this Special Act or under the terms of Art. 918a to f. The position of appellant is, of course, that the refunding bonds of 1928 are not redeemable prior to their maturity dates, and that in the absence of an option of redemption in the bonds, and no statutory privilege of redemption applicable thereto existing, the contractual recitals in the bonds relating to specified maturity dates cannot be changed at the will of Wood County. On the other hand, Wood County takes the position that the bonds were refunded under the terms of Art. 725, Title 22, Ch. 2, and that the provisions of Art. 720, R.C.S. of Texas 1925, of the same Title and Chapter, which provide for a statutory redemption privilege, are applicable.

Art. 718, Title 22, Ch. 2, R.C.S. of Texas, is as follows: "After having been authorized as provided in Chapter One of this title, the commissioners court of a county may lawfully issue the bonds of the said county for the following purposes:"

Then are enumerated the various purposes for which the Commissioners' Court may issue bonds, one of which is to improve and maintain the public roads in a county. Chapter One of Title 22, Vernon's Ann. Civ.St. art. 701 et seq., deals with the issuance of bonds which have first been submitted to and voted upon by the qualified voters of a county, city or town. The various steps necessary for bond elections are provided for therein as well as all of the steps incident to the issuance, sale and retirement of such bonds. Article 720 of Title 22 is as follows: "All bonds issued under this chapter shall run not exceeding forty years, and may be redeemable at the pleasure of the county at any time after five years after the issuance of the bonds, or after any period not exceeding ten years, which may be fixed by the commissioners court."

Article 725 is as follows: "Where bonds have been legally issued, or may be hereafter issued for any purpose authorized in this chapter, new bonds in lieu thereof bearing the same or a lower rate of interest may be issued, in conformity with existing law, and the commissioners court may issue such bonds to mature serially or otherwise, not to exceed forty years from their date."

Thus, it will be noted that Art. 718 has reference to bonds which have been voted upon by the taxpayers of a county in an election held for one of the purposes therein specified. The statutory option of redemption provided for in Art. 720 is limited to bonds issued under Ch. 2 of Title 22. The original Wood County bonds of 1912 were not issued under Ch. 2, Title 22 of our statutes, but were issued under the Special Act of the legislature hereinabove referred to and were non-voted bonds. The original bond issue of $120,000.00 in 1912 contained an option of redemption after the expiration of 10 years from the date of their issuance, as stated above, and

were refunded in 1928. On the proceedings of the Commissioners' Court of Wood County authorizing the issuance of such refunding bonds, as well as in the bonds themselves, it was stated that they were being refunded under and by virtue of the provisions of the Special Law of the 28th Legislature, as well as under the authority of the option of redemption contained in the original issue of 1912. The question then arises as to whether the refunding bonds of 1928 were issued by virtue of the terms of Art. 725. The appellant contends that the refunding bonds of 1928 were based upon the option of redemption contained in such bonds and that it was not necessary to look further for authority to refund them. Appellee takes the position that even though Wood County attempted to refund the bonds under the terms of the Special Act, in reality they could not have been refunded under such act, in the absence of such authority therein, and the recitals in the bonds to that effect are without force and validity.

■■■ We are of the opinion that the Commissioners' Court of Wood County by their action in 1928 in refunding the road and bridge bonds issued in 1912 under the Special Act was not proceeding under Art. 725 because such original bonds were not issued under Chapter 2, Title 22; neither can it be said that the refunding bonds were "issued" under Art. 725. In refunding the bonds no new debt was created, but only an agreement for an extension of the time of maturity of the original bonds and a new rate of interest was entered into. Dallas County v. Lockhart, 128 Tex. 50, 96 S.W.2d 60; Gavin v. Potter County, Tex.Civ.App., 187 S.W.2d 705, w. r. Under the principle of law enunciated in Gavin v. Potter County, supra, we are not called upon to determine the specific authority under which the 1928 refunding bonds were issued. In passing, it might be noted that the Commissioners' Court of Wood County in refunding the bonds in 1928, would have had legal authority to have had an option of redemption included therein had they so desired, even though no statute existed authorizing the county to insert such a provision. Road District No. 2, Colorado

County v. Gregory, Tex.Civ.App., 120 S.W. 2d 859. It is not within our province to speculate why this was not done, nor why the Legislature did not see fit to broaden the provisions of Art. 720 so as to include not only bonds voted under Title 22, but also other bonds issued under special statutes. In the case of Gavin v. Potter County, supra, it was held specifically that Art. 720 does not include bonds not enumerated in Art. 718; that is to say, refunding road and bridge bonds, as well as refunding hospital bonds, are not within the purview of Art. 720. The court in the last case cited quotes from the opinion in Road District No. 1, Jefferson County, v. Sellers, 142 Tex. 528, 180 S.W.2d 138, 141, as follows: "Article 720 is by its terms made applicable only to bonds issued under the provisions of 'this chapter,' meaning Chapter 2, Title 22, of Revised Statutes of 1925. The bonds in question were not issued under that chapter. Since the Legislature saw fit to limit the provisions of Article 720 to bonds issued under that specific chapter we should not extend its provisions to bonds issued under other acts and chapters, unless it is reasonably clear that such was the intention of the Legislature."

Appellee relies largely on expressions contained in the case of Bexar County v. Sellers, 142 Tex. 290, 178 S.W.2d 505. We think the case is distinguishable from the instant case in that the court apparently predicated its opinion on the fact that the bonds involved in that case were issued under Ch. 1, Title 18, R.C.S. of Texas 1911, which Title and Chapter had been brought forward under and are a part of what is now Ch. 2, Title 22, R.C.S.1925. Therefore, in that case, the provisions of Art. 720 of Chapter 2, Title 22, were applicable. By reason of our conclusion that the Wood County refunding bonds of 1928 were not issued under the terms of Title 22, the statute in question, Art. 720, providing for an option of redemption, has no application.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter judgment in favor of appellant for whatever amount of principal and interest that may

be shown to have accrued and to have become due upon the Wood County refunding bonds of 1928.

Reversed and remanded with instructions.