## ST. PAUL FIRE & MARINE INS. CO. v. GARZA COUNTY.

No. 5918.

Court of Civil Appeals of Texas. Amarillo.
Oct. 18, 1948.

Rehearing Denied Nov. 22, 1948.

Crenshaw, Dupree, Milam & Crenshaw, of Lubbock, and A. B. Huguenin, of Dallas, for appellant.

J. P. Gibson, of Austin, and C. P. Webb, of Post, for appellee.

STOKES, Justice.

On August 14, 1922, pursuant to an election of the qualified voters of Garza County, the commissioners' court issued bonds of the county for the purpose of erecting a courthouse and jail. The bonds were for the aggregate sum of $82,000, payable forty years from date, but redeemable by their terms at any time after ten years from their date, and bore interest at the rate of 5½% per annum payable annually. On February 15, 1927, the commissioners' court issued a series of eighty-two refunding bonds in the sum of $1,000 each, payable serially from 1928 to 1967 inclusive, bearing interest at the rate of 5½% per annum and, although the original bonds had not been issued for the full period of ten years, and were therefore not redeemable as a matter of right on the date of the issuance of the refunding bonds, the holders of the original bonds agreed to accept the refunding bonds in lieu of the original bonds. Neither the refunding bonds nor any of the orders of the commissioners' court creating them made any provision for their redemption at any time before their respective maturities. On October 11, 1943, the commissioners' court concluded to call and redeem the outstanding serial refunding bonds and notified appellant, St. Paul Fire & Marine Insurance Company, the owner of $50,000 of the bonds, of its conclusion to do so on November 15, 1943. The notice stated that, on that date, the county would cease paying interest accruing on the bonds. Appellant declined to surrender the bonds held by it and, on April 27, 1945, it filed this suit for a judgment declaring that the appellee,

Garza County, does not have the right to redeem or pay off its bonds prior to their maturity dates as provided in the bonds.

Appellee, Garza County, answered by appropriate allegations and the case was submitted to the court without a jury. The trial resulted in a judgment denying appellant the relief prayed for and declaring that the appellee is authorized by law to redeem the refunding bonds at any time after five years from the date of their issuance by paying the principal and accrued interest to November 15, 1943, the date fixed for their redemption by the order and notice of the commissioners' court.

Appellant duly excepted to the judgment, perfected an appeal to this court and presents the case here upon assignments of error in which it contends the court erred in entering judgment against it because, first, art. 720, Revised Civil Statutes, 1925, which authorizes the redemption of certain county bonds prior to maturity, has reference only to original bonds issued for the purposes specified in art. 718, R.C.S. which, in this instance, are bonds "to erect a county courthouse and jail, or either", and not to "new bonds" issued under art. 725, R.C.S., to refund such original bonds; and secondly, because art. 725, the article under which the refunding bonds were issued, gives to the commissioners' court complete discretion in the matter of whether or not the new bonds shall be subject to premature redemption and it asserts that, since the refunding bonds did not contain any provisions therefor, the court erred in entering judgment to the effect that the county was authorized to redeem them.

The order of the commissioners' court providing for the issuance of the refunding bonds states that they were to be issued under authority of art. 657, R.C.S. of 1911, as amended. The order was entered on February 14, 1927, after the codifying commission of 1925 and the legislature had lifted art. 657 from Chapter 3 of Title 22 and placed it in Chapter 2 of that title as art. 725, R.C.S. of 1925. The reference to art. 657, R.C.S., 1911, therefore really had reference to art. 725, R.C.S.1925, and the bonds were issued under that article. Art. 725 provides that, where bonds have been legally issued "for any purpose author-ized in this chapter, new bonds in lieu thereof bearing the same or lower rate of interest may be issued". Art. 718, which is in that chapter, provides that bonds may be issued "To erect the county courthouse and jail, or either". On the face of the articles, therefore, the commissioners' court had authority to issue the bonds here involved to mature serially or otherwise, not to exceed forty years from their date, and to make them redeemable before maturity. Art. 720, R.C.S., which is also a part of Chapter 2, provides that all bonds issued under that chapter may be redeemable at the pleasure of the county at any time after five years subsequent to their issuance or after any period not exceeding ten years which may be fixed by the commissioners' court. Appellant argues with much force that art. 725 has reference to bonds authorized by the articles of Chapter 2 other than those authorized as refunding bonds by the provisions of that article. It asserts that the language of the article is susceptible of no other construction and that its history impels the conclusion that the legislature never intended that its provisions should apply to the refunding bonds for the issuance of which it provides. The article was formerly a part of Chapter 3 of the revised statutes of 1911. The codifying commission of 1925 and the legislature omitted from the statutes all of Chapter 3 as contained in the 1911 revision except art. 657. It placed that article in Chapter 2 of Title 22, R.C. S., 1925, as art. 725 and there is much force in appellant's argument that the legislature did not intend to change its purport and make the refunding bonds provided by it subject to the provisions of art. 720, which has always been a part of Title 22. Before it was lifted from Chapter 3 and placed in Chapter 2 of Title 22, it could not have had reference to art. 720 because it specifically applied to bonds authorized by Chapter 3 of the 1911 statute, of which it was then a part. If it now applies to bonds issued under authority of Chapter 2, it is only because its position in the statute was changed from its original location in Chapter 3. However this may be, we are bound by the course chartered by the Supreme Court in the case of Bexar

County v. Sellers, 142 Tex. 290, 178 S.W. 2d 505, and Cochran County v. Mann, 141 Tex.398, 172 S.W.2d 689. Practically the same question was before the court in the Sellers case and Chief Justice Alexander, speaking for the Supreme Court, said [142 Tex. 290, 178 S.W.2d 505]: "Revised Statutes, Article 725, authorized the issuance of the 1943 series of refunding bonds, and since that article is a part of the same chapter, as is Article 720, quoted above, the refunding bonds issued in 1943 by virtue of Article 725 are subject to the provisions of Article 720." That article provides that all bonds issued under Chapter 2 may be redeemable at the pleasure of the county at any time after five years subsequent to the issuance of the bonds. As we have already said, the bonds here involved were issued under the provisions of art. 725, which is now a part of Chapter 2, Title 22. They were issued more than five years before the county called them and, in view of the holding of the Supreme Court in the Sellers case and the provisions of art. 720, the question of whether or not they are redeemable has been foreclosed against appellant's contention and is not now an open one, at least as far as this court is concerned.

The old art. 611, R.C.S., 1911, provided that all bonds issued under Chapter 1, Title 18, of that revision "shall run not exceeding forty years, and shall be redeemable at the pleasure of the county * * *". In 1925 the codifying commission and the legislature brought that article forward into the 1925 revision as art. 720 and changed the word "shall" to "may" and thereby made the statute to read bonds issued under Chapter 2 "may

be redeemable at the pleasure of the county * * *". Appellant argues that this change by the legislature carries great significance. It says the effect of the change was to remove the entire article from the category of those statutes which must be read into the contract evidencing the bonds regardless of whether the bonds specifically provide for their premature redemption or not and conferred upon the commissioners' court exclusive authority and discretion in the matter of the redeemable nature of the bonds. Again we are met with a holding upon this very question by the Supreme Court adverse to appellant's contention. In the case of Cochran County v. Mann, supra [141 Tex. 398, 172 S.W.2d 690], the Supreme Court was dealing with the same contention and, in passing upon it, the court took notice of the change made by the 1925 revision and said: "We consider that this change in the wording of the statute, as brought about by the recodification in 1925, made no change in the meaning or effect of the statute, and that it is therefore unimportant on the question here under consideration." The Supreme Court then held that the statute was read into and formed a part of the bonds there involved and that purchasers of the bonds were charged with notice of it when they purchased them. That case was followed by the Court of Civil Appeals of the third district in Norton v. Tom Green County, 182 S.W.2d 849, and it must follow that the law is now settled in this state against appellant's contention.

A careful examination of the assignments of error and the excellent brief filed by appellant's counsel has failed to reveal any reversible error and the judgment of the court below will therefore be affirmed.