

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 17, 1961

Honorable Robert S. Calvert          Opinion No. WW-1060
Comptroller of Public Accounts
Capitol Station                      Re: Taxability for inheritance
Austin, Texas                             tax purposes of proceeds
                                          of insurance policies taken
                                          out by the decedent on his
                                          life prior to the 1939
                                          amendment to Article 7117,
                                          V.C.S., and subsequently
                                          assigned by the decedent
                                          after the effective date
Dear Mr. Calvert:                         of the 1939 amendment.

        You have advised us of the following facts, both orally
and in your written request, in connection with your request
for an opinion of this office on the above captioned matter.
Prior to the effective date of H. B. 990, Acts 1939, 46th Leg.,
p. 646, ch. 13, § 1, which amended Article 7117, Revised Civil
Statutes of Texas, 1925, by adding a provision taxing life
insurance proceeds under certain conditions, the decedent had
taken out certain life insurance policies upon his own life.
The decedent's wife was named as beneficiary of these policies
and all premiums were paid from community funds. Subsequent
to the effective date of the 1939 amendment, the decedent
assigned these policies without reservation to his wife. There-
after, he had no right to the cash surrender value of the policies,
or to pledge them for a loan, or to surrender or cancel same,
or to change the beneficiary, or to obtain a loan on same from
the insurer. Nevertheless, the premiums continued to be paid
from community funds. You have called to our attention the
fact that in Attorney General Opinion No. 0-5294, this office
held that the proceeds of insurance policies which were assigned
without reservation prior to the effective date of the 1939
amendment, and in which the decedent never thereafter acquired
an interest, were not subject to an inheritance tax. The pertinent
provisions of Article 7117, V.C.S.[1], are the following:

        "All property within the jurisdiction
        of this State,. . . and any interest there-
        in,. . . including the proceeds of life
        insurance to the extent of the amount

[1] Codified as Article 14.01, ch. 14, Title 122A, Tax.-Gen.,
V.C.S.

receivable by the executor or adminis-
trator as insurance under policies taken
out by the decedent upon his own life,
and to the extent of the excess over
Forty Thousand ($40,000) Dollars of the
amount receivable by all other benefici-
aries as insurance under policies taken
out by the decedent upon his own life,
. . . shall, upon passing,. . . be subject
to a tax for the benefit of the State's
General Revenue Fund,. . . ."

Opinion No. O-5294 pointed out that in Hansen v. Blackmon, 142 Tex. 536, 169 S.W.2d 962 (1943), the Supreme Court stated that since the 1939 amendment had been taken literally from the Federal statute, ". . . the presumption is that the Texas Legislature knew of the construction given such statute at the time of its adoption, and intended to adopt such statute as construed by the Federal Courts; and such statute is to be con-sidered by the courts of this State in the light of such con-struction." Since the Supreme Court of the United States in Lewellyn v. Frick, 268 U.S. 238 (1925), had passed upon the identical question presented by the Comptroller's request and had concluded that under the facts the transfer was not subject to Federal estate taxes, the transfer could not be deemed subject to Texas inheritance taxes.

The fact situation presented by your instant request is entirely different from that considered in Attorney General's Opinion No. O-5294 in that in the instant case the assignment took place subsequent to the effective date of the 1939 amend-ment. In other words, the assigned policy was within the provision of the taxing statute at the time the assignment occurred. The question, therefore, is whether an assignment without reservation takes the policies out of the purview of the statute even though the premium payments are thereafter made from community funds.

In De Coster v. Commissioner of Taxation, 11 N.W.2d 489 (Minn.Sup. 1943), the court held that the proceeds of life insurance policies were subject to inheritance taxes in a case in which the insured obtained the policy and held some of the incidents of ownership at the time the statute went into effect, and that the proceeds would have been subject to tax if he had died immediately even though he made an assignment of the policy prior to his death.

The annotator in 73 A.L.R.2d questions the wisdom of this decision pointing out that the Minnesota Supreme Court later held in Diamond Poultry Farms, Inc. v. Commissioner of Taxation, 91 N.W.2d 595 (1958) that the assigned policy was not taxable where

the assignment occurred before the statute was amended; but declined to decide whether the De Coster case should be overruled since it was distinguishable in that the assignment occurred after the amendment of the statute.

We, too, question the wisdom of the De Coster case and decline to follow it. The general rule is that inheritance tax liability is imposed only where the thing of value was the property of the decedent at the time of his death or at the time of the taxable transfer. In those cases in which the beneficiary, rather than the insured, applies for a policy of insurance, pays the premiums on it and retains all the incidents of ownership, the person who applies for the insurance and holds all legal rights in the policy is the owner of the policy and its proceeds. The policy is not the property of the insured, and he does not transfer any property at or before his death, nor is the beneficiary liable for a succession tax on the death of the insured. The cases so holding are collected in 73 A.L.R.2d at page 219. In such instances, the State could not constituionally levy an inheritance tax on life insurance proceeds since there is no taxable incident.

In some jurisdictions, statutes relating to the taxation of life insurance proceeds seem broad enough in their terms to levy a tax on the proceeds of a policy even though the beneficiary owns the policy and pays the premiums. However, the courts have generally read into them a limitation to cases in which the insured owned the policy. See 73 A.L.R.2d 220. Such is not the case under our statute which expressly limits the taxing of proceeds of life insurance to amounts received as insurance under policies taken out by the decedent upon his own life.

It is true that the insurance policies in question were originally taken out by the decedent upon his own life; but once the decedent assigned these policies without reservation, we think that that fact becomes immaterial since he thereafter had no property rights in the policies. We also think that the fact that the decedent chose to continue to make the payments from community funds is of no significance since this fact did not operate in any way to create any rights of ownership in the decedent and amounted, at most, to a gift to his wife of his one-half interest in the payments so made. We do not view this as a gift to take effect at his death since the wife could have, at any time, obtained the cash surrender value or pledged the policy for a loan or surrendered or cancelled the policy or obtained a loan on the policy from the insurer.

We expressly limit our holding in this matter to cases in which no question of a transfer in contemplation of death is presented. In other words, if an assignment was made within the two year period prior to the death of the assignor, which Article

14.01 provides shall be the period within which such transfers shall be presumed to have been made in contemplation of death, a different question would arise.

### S U M M A R Y

The proceeds of life insurance policies taken out by the decedent upon his own life prior to the 1939 amendment of Article 7117, Vernon's Civil Statutes, which added a provision taxing life insurance proceeds under certain conditions, are not subject to inheritance taxes where the policies were subsequently assigned without reservation to the decedent's wife even though thereafter all premium payments were made from community funds.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Marietta McGregor Payne
Assistant

MMP:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Iola Wilcox
Robert T. Lewis
Robert Rowland
Sam R. Wilson

REVIEWED FOR THE ATTORNEY GENERAL
By: Morgan Nesbitt