

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 31, 1964

Hon. Clyde E. Smith, Jr.
County Attorney
Tyler County
Woodville, Texas

Opinion No. C-288

Re: Whether, under Sec. 6,
Article 4494q-10, V.C.S.
(H.B. 781, 58th Leg.),
the Commissioners Court
should follow the rule
under Article 4479, V.C.S.
and appoint hospital man-
agers for overlapping terms.

Dear Mr. Smith:

You have requested a construction of Section 6, Article 4494q-10, Vernon's Civil Statutes (House Bill 781, 58th Legislature), with reference to Article 4479, Vernon's Civil Statutes.

Article 4494q-10 is a special law creating a Tyler County Hospital District. Section 6 thereof states in part as follows:

"The Commissioners Court shall appoint
a Board of Hospital Managers, consisting of
six (6) members, who shall serve for a term
of two (2) years, with overlapping terms if
desired . . ." (Emphasis supplied)

Article 4479 is part of a general law authorizing the commissioners court of any county to establish a county hospital, and reads in part as follows:

". . .the commissioners' court shall
. . .appoint six resident property taxpaying
citizens of the county who shall constitute
a board of managers of said hospital. The
term of office of each member of said board
shall be two years, except that in making the
first appointments after this Act takes ef-
fect three members shall be appointed for one
year and three members for two years so that
thereafter three members of said board will
be appointed every two years. . . ."

Hon. Clyde E. Smith, Jr., page 2 (C-288)

Under the special law passed for Tyler County, a hospital district is being set up and your question is: "Must the Commissioners Court follow the overlapping term provision of the general law in making its first appointments?"

The rule for construing general and special laws together is stated in 53 Tex.Jur.2d 232, Statutes, § 161, as follows:

"In case of conflict between a general provision and a special provision dealing with the same subject, the former is controlled or limited by the latter, since a specific statute more clearly evidences the intention of the legislature than a general one; and this is so whether the provisions in question are contained in the same act or in different enactments. . . ."

In the case of Hidalgo County Water Control and Improvement District No. 1 v. Hidalgo County, 134 S.W.2d 464 (Tex.Civ.App. 1939, error ref.), it is said at page 467:

". . .when specific provisions of the general law, if given effect, would nullify or modify specific provisions of the special act concerning particularized rights and duties of the districts created by it, the latter provisions must prevail over those of the general law. . . ."

In the case of Road District No. 1, Jefferson County, v. Sellers, 142 Tex. 528, 180 S.W.2d 138 (1944), one of the questions before the court was which act governed where a special law for Jefferson County provided that bonds therein referred to should be payable at such time as might be deemed most expedient by the Commissioners Court; whereas the general law provided that generally bonds of the same category should be redeemable at the pleasure of the county, but not until five years after the issuance of the bonds. In holding that the special law governed, the Court said at page 141, in a unanimous decision:

"An examination of the two statutes will disclose that the Legislature in the enactment of the /special/ statute under which these bonds were issued and conferred on the Commissioners' Court full and unlimited power to make the bonds payable at such time or times as may be deemed expedient. . .whereas no such unlimited authority

was granted to the Commissioners' Court under
the provisions of Article 720 /the general
statute7 . . .In our opinion there is such
conflict between the two provisions that we
would not be justified in holding that the
provisions of Article 720 are applicable
to the bonds issued under the /special7act
here under consideration."

Under the rules of construction set forth above,
the special statute under which the Tyler County Hospital
District is being set up does not restrict the Hospital Managers
to overlapping terms and such special statute is controlling.

## S U M M A R Y

The Commissioners Court of Tyler County may
elect under the terms of Section 6, Article 4494q-10,
Vernon's Civil Statutes, whether or not it shall ap-
point Hospital Managers with overlapping terms in the
Tyler County Hospital District.

Yours very truly,

WAGGONER CARR
Attorney General

By: Larry Craddock, Jr.
Larry Craddock, Jr.
Assistant

LCjr:ms:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
W. E. Allen
Arthur Sandlin
Larry Merriman
Harry Gee

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone